FALK, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*November 8—December 5, 1950.*

For the appellant there was a brief by *Hougen, Brady & Murphy* of Manitowoc, and oral argument by *Frank A. Murphy.*

For the respondent Industrial Commission there was a brief by the *Attorney General,* and *Mortimer Levitan* and *E. Weston Wood,* assistant attorneys general, and oral argument by *Stewart G. Honeck,* deputy attorney general.

FRITZ, C. J. So far as here pertinent, sec. 102.25 (1), Stats.,—which provides for appeals to this court from judgments entered upon review of any order or award of the Industrial Commission,—reads as follows:

"Said commission, or any party aggrieved by a judgment entered upon the review of any order or award, may appeal therefrom within thirty days from the date of service by either party upon the other of notice of entry of judgment. . . ."

And sec. 274.11 (1), Stats., provides:

"An appeal is taken by serving a notice of appeal signed by the appellant or his attorney on each party adverse to him upon the appeal who appeared in the action or proceeding, and on the clerk of the court in which the judgment or order appealed from is entered, . . . On appeals from a judgment the appellant shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action."

In several decisions this court has reiterated the rule that when an appeal is not taken within the statutory period allowed therefor the court has no jurisdiction of the matter. *Estate of Fish,* 200 Wis. 61, 227 N. W. 272; *Stevens v. Jacobs,* 226 Wis. 198, 275 N. W. 555, 276 N. W. 638; *Donny v. Chain of Lakes Cheese Co.* 254 Wis. 85, 35 N. W. (2d) 333. And that consequently an appellant's failure to serve notice of his appeal on one of the parties whose interest is adverse to the interest of appellant is fatal to the court's jurisdiction. *Stevens v. Jacobs, supra; Estate of*

*Sweeney,* 247 Wis. 376, 19 N. W. (2d) 849. As in the case at bar the interest of Employers Mutual Liability Insurance Company is adverse to the appellant's interest, notice of appeal had to be served upon that corporation within the thirty-day period prescribed by sec. 102.25 (1), Stats. As the court stated in *Stevens v. Jacobs, supra,* (p. 201), "The notice of appeal must be served on every party whose interest is adverse to the interest of appellants." And in discussing the applicability of sec. 274.32, Stats., the court then stated also (p. 202):

"Sec. 274.32, Stats., reads: 'When a party shall in good faith *give notice of appeal* and shall omit, through mistake or accident, to do *any other act* necessary to perfect the appeal or make it effectual or to stay proceedings, the court from which the appeal is taken or the presiding judge thereof, or the supreme court or one of the justices thereof, may permit an amendment *or the proper act to be done,* on such terms as may be just.' The language of the statute above italicized indicates that the meaning of the statute is that where 'notice of appeal' has in good faith been 'given,' and any other act necessary to perfect the appeal has been omitted through mistake or accident, this court may permit an amendment to any defective paper, or permit the act omitted that is necessary to 'perfect the appeal' to be done. The 'any other act' which the court may permit to be done is *any act other than service of notice of appeal. Service of notice of appeal is an absolute prerequisite of appeal."*

As stated in *Donny v. Chain of Lakes Cheese Co., supra,* in dismissing an appeal for the reason that appellant had failed to serve notice of appeal upon his nonappealing co-plaintiffs (p. 88):

"It may be thought that this is highly technical. It appears so in this case but if the court relaxes the statute in one case it becomes a precedent and requirements for service of notice of appeal are in part fixed by the court and not by statute. In the matter of appeals this court has followed the practice of adhering closely to the statutory provisions and must do so in this case."

It follows that in view of the provisions in sec. 102.25 (1), Stats., limiting to thirty days the time in which an appeal may be taken from a judgment entered upon the review of any order or award of the Industrial Commission, and the provision in sec. 274.11 (1), Stats., requiring notice of the appeal to be served upon all parties bound by the judgment who have appeared in the action, and the decisions of this court in the cases cited herein, the appeal must be dismissed because of the appellant's failure to serve the required notice of his appeal on every party whose interest is adverse to the interest of the appellant.

*By the Court.*—Appeal dismissed.