BORUM, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.*

*April 7—May 2, 1961.*

* Motion for rehearing denied, without costs, on June 27, 1961.

For the appellant there was a brief and oral argument by *A. L. Tilton* of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondent American Motors Corporation there was a brief by *La France, Thompson, Greenquist, Evans & Dye* of Racine, attorneys, and *Alfred E. La France* of counsel, and oral argument by *Alfred E. La France* and by *Harlow P. Bielefeldt, Jr.,* of Kenosha.

BROWN, J. Appellant's 1955 application sought compensation for whatever injuries he received in the accident. The commission made an award for a temporary disability and specifically determined that the injury caused him no permanent disability. He challenged the latter finding and the order based upon it but upon review and appeal, as permitted him by statute, the commission's determination was

upheld. The commission's order was unquestionably a final order; appellant does not contend otherwise, but he submits that, although the order of November 30, 1955, is a final one, under the circumstances the final order does not exhaust the commission's jurisdiction. Borum argues that if he is permitted to present his case again to the commission he would offer medical evidence concerning traumatic neurosis which was formerly unavailable to him and unknown to science when his application was heard in November of 1955, and such new evidence could produce a different conclusion respecting the permanence of Borum's disability. He concedes that heretofore Wisconsin gives the injured employee a single cause of action for compensation for all injuries and disabilities arising out of and as a result of an industrial accident. Appellant's concession correctly states the law. We have held that an injured employee's right to recover workmen's compensation is based on ch. 102, Stats.; he has but one cause of action for compensation for all injury and disability sustained as a result thereof, and his claim therefor is not severable. When the commission makes findings and a final award it is not passing upon merely the employee's right to compensation for certain claimed or then-known injuries. It is passing upon all compensation payable for all injuries caused by that accident. *State ex rel. Watter v. Industrial Comm.* (1939), 233 Wis. 48, 52, 53, 287 N. W. 692; *Delta Oil Co. v. Industrial Comm.* (1956), 273 Wis. 285, 289, 77 N. W. (2d) 749. Having entered a final order on the subject and the statutory time for review having expired, the commission lacks jurisdiction to proceed on a subsequent application for injuries allegedly sustained in the same accident. (Idem.) We have applied this principle to deny relitigation of compensation claims after disposition of them has been made by the commission's final orders and the time for review has expired. For example, see *Gergen v. Industrial Comm.* (1946), 249 Wis. 140, 142, 143, 23 N. W. (2d)

473. The commission thereafter has no further jurisdiction to resume consideration of the consequences of the same accident. *Gergen Case, supra; Sheehan v. Industrial Comm.* (1956), 272 Wis. 595, 602, 76 N. W. (2d) 343.

Appellant commends the New York court for permitting belated reconsideration of disability notwithstanding prior final orders dismissing applications for compensation. *Stimburis v. Leviton Mfg. Co.* (1959), 5 N. Y. (2d) 360, 157 N. E. (2d) 621, and *Roder v. Northern Maytag Co.* (1948), 297 N. Y. 196, 78 N. E. (2d) 470. He urges us to emulate the example set by the courts of our sister state. The New York Compensation Act under which this relief was granted gave to the compensation board a continuing jurisdiction. With no similar provision in the Wisconsin Compensation Act, ch. 102, Stats., the jurisdiction of the Industrial Commission is exhausted by a final order for compensation when the statutory time for review has expired or the last review permitted by statute has confirmed that final order.

*By the Court.*—Judgment affirmed.