HOLLEY and another, Appellants, v. DEPARTMENT OF
    INDUSTRY, LABOR & HUMAN RELATIONS, Respondent:
    HOLLEY, Defendant.

*No. 308.    Argued May 7, 1968.—Decided June 4, 1968.*
(Also reported in 158 N. W. 2d 910.)

For the appellants there were briefs by *King, Carroll & Parroni* of Eau Claire, and oral argument by *George M. Carroll.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HANLEY, J. The primary issue presented on this appeal is whether under sec. 102.23 (1), Stats., the failure of the employer and the insurer to make the State of Wisconsin an adverse party defendant within thirty days of the department award provided by sec. 102.49 (5) (b) deprived the circuit court of jurisdiction to review the award.

Sec. 102.23, Stats., provides in part as follows:

"(1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; and the order or award, either interlocutory or final, whether judgment has been rendered thereon or not, shall be subject to review only in the manner and upon the grounds following: Within 30 days from the date of an order or award originally made by the commission as a body or following the filing of petition for review with the commission under s. 102.18 any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant. . . ."

It has long been established that the only jurisdiction the circuit court has to review orders and awards made by the department is conferred on it by sec. 102.23, Stats. *See Rathjen v. Industrial Comm.* (1940), 233 Wis. 452, 289 N. W. 618. That case also points out that the department as a real party in interest has the right to move for dismissal of such actions if the circuit court lacks jurisdiction. Since the failure to name the state as a defendant and to serve the complaint on it as further provided by

sec. 102.23 is noncompliance with the statute only if the state were an "adverse party" in the proceedings before the department, whether the state was such an "adverse party" presents the principal question on this appeal.

We first note that the state has an interest in workmen's compensation cases involving death benefits wholly separate from the statutory interest given the department in actions brought to review its findings and orders. Sec. 102.49, Stats., is an expression of the public policy of the state to provide for the welfare of dependent children of employees who sustain injuries in the course of their employment which result in their death. The payments made on behalf of such dependents according to that section are made from a fund into which an employer or his insurance carrier are required to make payments of various amounts in each instance where death benefits are payable, the amount being determined by the existence and degree of dependency. Sub. (1) of sec. 102.64, Stats., states that the attorney general shall represent the state in all cases involving payment into or out of the state fund; sub. (3) provides that where the interests of the state and the department conflict, the attorney general shall represent the state and not the department. Pursuing the point still further, the department only becomes an interested party in workmen's compensation matters at the circuit court level and then only by statute. At the hearing level, the department must perforce be impartial since its task is to adjudicate the controversy between employer and employee. On the other hand, we think the state has a sufficient interest in cases were there is potential liability to the state fund that it can be an applicant before the department. Although this has never been adjudicated, in *Volunteers of America v. Industrial Comm.* (1966), 30 Wis. 2d 607, 141 N. W. 2d 890, it appears that the state filed a claim before the department for payment under sec. 102.49 (5) (c) without challenge. Significantly, under sec. 102.25,

Stats., the state is a party aggrieved for purposes of appeal to the supreme court whenever the circuit court on review enters judgment confirming any order or award made against it.

Recognizing the state's separate interest in death benefit cases is not tantamount to holding that the state was a party here, however. Sec. 102.23, Stats., requires the "adverse party" and the department to be made defendants in the circuit court action. Since "adverse party" can only have reference to a party whose interests were adverse in the proceedings before the department, the question then becomes: Was the state a party to the proceedings before the department?

We would answer that question in the affirmative. The record shows that the State of Wisconsin received notices of both hearings before the department. Mr. James Altman, an assistant attorney general, was present at both hearings, examined and cross-examined witnesses, and introduced exhibits intending to prove that the deceased, LaVerne Holley, was injured in the course of his employment and that his death was the result of such injury. At page 28 of the record appears a copy of a letter from Attorney George Carroll, who represents the interests of the Continental Insurance Company in this matter, to Mr. Altman, rejecting the latter's offer of compromise. Thus it is clear that Mr. Altman was representing the interests of the state and not the department. And it is indeed difficult to understand how anyone could contend otherwise unless he was willing to assume the department is both judge and advocate at the hearing level.

Plaintiffs contend, however, that the state was not brought into the proceedings before the department in a proper manner. The effect of sec. 102.17 (1), Stats., seems to be that one can become a party to proceedings before the department by filing an application for benefits or by being served with a copy of the application by the department. Concededly, neither was done here; but plaintiffs raised no objections during the hearings and

claimed no prejudice. They knew they were litigating the claim for payment into the state fund. Under the circumstances, we think they waived whatever objection they had the right to impose to the irregularity in the manner in which the state became a party.

Plaintiffs further contend that the department can adequately protect the state's interest in the fund in question and that since the money is immediately appropriated back to the department for the discharge of all liabilities for additional death benefits under sec. 102.49 (6), Stats., the state has no separate interest in it. In addition to what has been said above concerning the separate interest of the state, it should be noted that the identity of interests of the state and the department in the case at bar is purely coincidental. For if the department found that the death of the deceased did not result from the injury or resulted from an injury not sustained in the course of his employment, their interests would be directly opposite, because the department's statutory obligation is to defend its orders whether they result in the grant or denial of compensation.

Plaintiffs also call the court's attention to a handbook put out by the department in which is found a proposed form for complaint in the circuit court for Dane county. Nowhere does the complaint indicate that the State of Wisconsin is a possible party defendant in death benefit cases. Plaintiffs take this as evidence the department itself has not heretofore considered the state a party in such cases.

We recommend to the department that it amend the proposed form to mention such possibility. We also recommend that in applications involving death benefits payable pursuant to sec. 102.49, Stats., that the department make the state a party in the manner provided in sec. 102.17. Such practice would avoid the problem presented in the instant case. However, we fail to see that plaintiffs can claim they were misled in light of the degree of participation by Mr. Altman in the hearings.

Finally, the plaintiffs contend that, assuming the state is properly a party to the circuit court action, it received adequate notice of the commencement of the action because the attorney general, who by statute is required to represent the state in workmen's compensation matters in which the state is an interested party, received adequate notice of the action. What notice the attorney general received, however, was only that an action was pending against the department. No notice was given that the attorney general might be called upon to defend the interests of the state. The court has recently held in *Howard v. Preston* (1966), 30 Wis. 2d 663, 669, 142 N. W. 2d 178, that knowledge that a suit is pending is not the equivalent of service. But, even if the attorney general had been served as agent for the state, the state was not named as a defendant according to the requirement of sec. 102.23, Stats.

We conclude that the state was an adverse party within the meaning of sec. 102.23, Stats., and that the failure to name it as a defendant in the action to review the department's findings within thirty days of the department's order resulted in the circuit court being without jurisdiction of the subject matter.

*By the Court.*—Order affirmed.