Frederick W. SCHILLER, et al., Plaintiffs-Appellants,

v.

State of WISCONSIN, DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, and Fraser Shipyard, Inc., Defendants-Respondents.

Court of Appeals

*No. 80–1792. Submitted on briefs May 1, 1981.—*
*Decided June 9, 1981.*
(Also reported in 309 N.W.2d 5.)

For the appellants the cause was submitted on the brief of *Halverson, Watters, Bye, Downs & Maki, Ltd.,* of Duluth, Minnesota, and *Marcovich, Cochrane & Milliken, S.C.,* of Superior.

For the Department of Industry, Labor and Human Relations the cause was submitted on the brief of *James L. Pflasterer,* legal staff director, and *Earl G. Buehler,* attorney.

Before Foley, P.J., Dean, J., and Moser, J.

FOLEY, P.J. Frederick Schiller appeals from an order[1] dismissing his complaint for review of a decision of the Labor and Industry Review Commission (LIRC). The circuit court concluded that it lacked subject matter jurisdiction because the action was not commenced timely. Because the action was not commenced within thirty days after LIRC's decision was mailed to Schiller's last known address as required by sec. 108.09(7), Stats., we affirm.

---

[1] The circuit court directed the state to prepare an order dismissing the complaint rather than a judgment. Under *Fredrick v. City of Janesville,* 92 Wis.2d 685, 285 N.W.2d 655 (1979), the order is a final appealable order.

Where a statute provides a direct method of judicial review of agency action, the method is generally exclusive. *Kegonsa Joint Sanitary District v. City of Stoughton*, 87 Wis.2d 131, 274 N.W.2d 598 (1979). Strict adherence to the statutory requirements is necessary. *Brachtl v. Department of Revenue*, 48 Wis.2d 184, 179 N.W.2d 921 (1970). Unless the statutory requirements are strictly complied with, a party seeking review cannot invoke the subject matter jurisdiction of the circuit court. *Cudahy v. Department of Revenue*, 66 Wis.2d 253, 224 N.W.2d 570 (1974).

Section 108.09(7) provides a direct method of judicial review of LIRC decisions on unemployment compensation claims. Section 108.09(7) requires that an action for judicial review be commenced in circuit court within thirty days after the decision is mailed to a party's last known address. The provisions of sec. 102.23(1), Stats., govern commencement of an action for judicial review.[2] Section 102.23(1)(a) provides that an action is commenced by service of a summons and complaint.[3]

[2] Section 108.09(7)(a), Stats., provides:

Either party may commence judicial action for the review of a decision of the commission under this chapter after exhausting the remedies provided under this section if the party has commenced such judicial action in accordance with s. 102.23 within 30 days after a decision of the commission is mailed to a party's last-known address.

[3] Section 102.23(1)(a), Stats., provides:

In such action a complaint shall be served with the summons. The complaint need not be verified, but shall state the grounds upon which a review is sought. Service upon a commissioner or agent authorized by the commission to accept service shall be deemed complete service on all parties, but there shall be left with the person so served as many copies of the summons and complaint as there are defendants, and the department shall mail one copy to each other defendant. If the summons and complaint are not filed within 6 months from date of service, such service is void.

Schiller did not serve a summons and complaint within thirty days after the decision was mailed to him. LIRC's decision affirming an appeal tribunal's denial of Schiller's claim for unemployment compensation benefits was mailed to Schiller on June 20, 1979. The decision notified him of his right to appeal the decision to the circuit court by service of a summons and complaint on the secretary or deputy secretary[4] of the Department of Industry, Labor and Human Relations (DILHR) within thirty days of the date the decision was mailed. On July 20, 1979, Schiller filed a summons and complaint with the Douglas County clerk of court. DILHR received the summons and complaint by mail on July 23, 1979. This was thirty-three days after the LIRC decision had been mailed to Schiller.

Schiller contends, however, that because LIRC's decision was mailed to him, sec. 801.15(5), Stats., extends by three days the thirty-day period within which he could commence his action for judicial review. Section 801.15(5) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, 3 days shall be added to the prescribed period.

We conclude that sec. 801.15(5) does not apply to the commencement of an action for judicial review under sec. 108.09(7). Section 801.15(5) applies to procedures in circuit courts. Section 801.01(2), Stats. In this case, circuit court procedures are inapplicable because the circuit court never gained subject matter jurisdiction.

---

[4] Effective May 13, 1980, the words "secretary or deputy secretary" in §102.23, Stats. (1977), were replaced by "commissioner or agent authorized by the commission to accept service." Section 13, ch. 278, 1979 WIS. LAWS.

▬▬▬▬▬

Past applications of the three-day extension rule to appeals of administrative decisions have involved appeals of circuit court judgments, rather than appeals from agency decisions. *Beloit Corporation v. DILHR,* 63 Wis. 2d 23, 216 N.W.2d 233 (1974) ; *Nelson v. DNR,* 90 Wis. 2d 574, 280 N.W.2d 334 (Ct. App. 1979). The three-day rule applies once the circuit court jurisdiction has been properly invoked. Sections 108.09(7) and 102.23 control, however, before the appeal reaches the circuit court.

The inapplicability of sec. 801.15(5) to petitions for circuit court review of administrative decisions is supported by a further reading of sec. 102.23(1). The statute provides that if "a party in interest has been prejudiced because of an exceptional delay in the receipt of a copy of any finding or order, it [the circuit court] may extend the time in which an action may be commenced by an additional 30 days." Since a special statutory procedure has been established in sec. 102.23 to compensate for mail delays, the application of sec. 801.15(5) to a sec. 108.09(7) review would be superfluous.

*By the Court.*—Order affirmed.