Dolly LISNEY, Plaintiff-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Vernon County, and U. S. Fidelity & Guaranty Co.,
Defendants-Respondents.

Court of Appeals

*No. 91-0976. Submitted on briefs September 6, 1991.—Decided
November 21, 1991.*

(Also reported in 478 N.W.2d 55.)

† Petition to review granted.

629

For the plaintiff-appellant the cause was submitted on the briefs of *Kent I. Carnell* of *Lawton & Cates, S.C.,* of Madison.

For the defendant-respondent Labor and Industry Review Commission the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   Dolly Lisney appeals from an order affirming the Labor and Industry Review Commission's ruling that it lacked jurisdiction to consider her claim for medical expenses. The issue is whether the commission has jurisdiction to order payment of continuing medical expenses caused by a job-related injury after a final order has been issued in worker's compensation proceedings. We conclude that the commission does not have the power to do so and affirm the order.[1]

Lisney sustained a work-related back injury in 1978. On November 9, 1984, the Department of Industry, Labor & Human Relations (DILHR) granted her application for benefits for temporary total disability, perma-

---

[1]We review the commission's decision, not the circuit court's. *Stafford Trucking, Inc. v. DILHR,* 102 Wis. 2d 256, 260, 306 N.W.2d 79, 82 (Ct. App. 1981).

nent partial disability, and for medical expenses incurred prior to the date of her hearing. The order was final, with no reservation of jurisdiction. The commission affirmed the order, as did the circuit court and the court of appeals.

Several years after the commission's decision, Lisney sought additional compensation for medical expenses related to her injury which were incurred subsequent to the final order. A DILHR hearing examiner denied the application, finding that the department lacked jurisdiction over the matter. Again, the commission and the circuit court affirmed, and this appeal followed.

Lisney argues first that sec. 102.42(1), Stats.,[2] imposes a continuing obligation on the employer to supply medical benefits to injured employees—regardless of whether a final order has been issued in the worker's compensation proceedings. She bases her argument on both the statute's language and its legislative history.[3]

---

[2]Section 102.42(1), Stats., provides in relevant part:

The employer shall supply such medical, surgical, chiropractic, . . . dental and hospital treatment . . . as may be reasonably required to cure and relieve from the effects of the injury . . .. *The obligation to furnish such treatment and appliances shall continue as required to prevent further deterioration in the condition of the employe or to maintain the existing status of such condition whether or not healing is completed.* [Emphasis added.]

The final sentence was added to the statute by ch. 150, Laws of 1973.

[3]Lisney points to a single item in support of her claim that the legislative history is in accord with her interpretation of sec. 102.42(1), Stats.—a letter from Harold Grenell, of the Wisconsin Gas Company, to the administrator of the worker's compensation division. Grenell commented on the proposed addition of the last sentence to sec. 102.42(1) requesting that there be "some limitation [in the statute] to reflect that medication for back complaints

Interpretation of a statute involves questions of law, *Probst v. LIRC,* 153 Wis. 2d 185, 190, 450 N.W.2d 478, 480 (Ct. App. 1989), and "the blackletter rule is that a court is not bound by an agency's conclusions of law." *West Bend Education Ass'n v. WERC,* 121 Wis. 2d 1, 11, 357 N.W.2d 534, 539 (1984). However, we do defer to an agency's legal conclusions and interpretation of statutes in some instances. *William Wrigley, Jr., Co. v. DOR,* 160 Wis. 2d 53, 69, 465 N.W.2d 800, 806 (1991).

In *DILHR v. LIRC,* 161 Wis. 2d 231, 243–46, 467 N.W.2d 545, 549–50 (1991), the supreme court described three situations in which such deference is owed. The first has to do with the agency's legal conclusions generally, and the other two relate to the weight to be accorded the agency's interpretation of statutes. In the first situation, the court, quoting *West Bend Education Ass'n,* 121 Wis. 2d at 12, 357 N.W.2d at 539–40, said: "Where a legal question is intertwined with factual determinations or with value or policy determinations . . . *a court should defer to the agency which has primary responsibility for determination of fact and policy.*" *DILHR,* 161 Wis. 2d at 243, 467 N.W.2d at 549.

As to the agency's interpretation of statutes, the *DILHR* court stated that deference was owed in two instances: (1) where the agency is "charged by the legislature with the duty of applying [the statute]" being interpreted, *id.* at 243, 467 N.W.2d at 549, quoting *Local No. 695 v. LIRC,* 154 Wis. 2d 75, 82–83, 452 N.W.2d 368, 371 (1990); and (2) where the agency's interpretation is based on its prior experience with the statute or its possession of "technical competence[] and specialized

. . . not be acceptable after an employee is released from medical care." The proposed statutory language was not changed in response to Grenell's letter.

knowledge [that will] assist [it] in its interpretation . . ..
*Id.* at 246, 467 N.W.2d at 550.

■

In this case there is no question that the commission is the agency charged by the legislature with the duty of applying and administering ch. 102, Stats. Nor is there any dispute over the material facts. In such a situation, the agency's interpretation of the applicable statute, sec. 102.42, Stats., "is entitled to great weight." *DILHR,* 161 Wis. 2d at 243, 467 N.W.2d at 549, quoting *Local No. 695,* 154 Wis. 2d at 82-83, 452 N.W.2d at 371 (citations omitted). We will uphold it "unless it is clearly contrary to the legislative intent." *DILHR,* 161 Wis. 2d at 246, 467 N.W.2d at 550.[4]

---

[4]The supreme court's discussion of *Local No. 695* in *DILHR* appears to correct our own impression of the holding of the former case. In a line of cases following *Local No. 695,* we ruled that in the absence of record evidence of the agency's specific expertise or its experience in interpreting a particular law, we were to pay no deference to its legal conclusions or interpretations. In so holding, we relied on the supreme court's statement that "where there is no evidence" that the agency has had experience in interpreting the applicable law or other expertise in the particular areas in question, "the weight to be afforded [the agency's] interpretation is no weight at all." *Local No. 695,* 154 Wis. 2d at 84, 452 N.W.2d at 372. *See, e.g., McManus v. DOR,* 155 Wis. 2d 450, 453-54, 455 N.W.2d 906, 907 (Ct. App. 1990); *General Castings Corp. v. Winstead,* 156 Wis. 2d 752, 757, 457 N.W.2d 557, 560 (Ct. App. 1990); *DOR v. United States Shoe Corp.,* 158 Wis. 2d 123, 129-30, 462 N.W.2d 233, 236 (Ct. App. 1990); *Ruff v. LIRC,* 159 Wis. 2d 239, 242, 464 N.W.2d 56, 57-58 (Ct. App. 1990); *Bracegirdle v. Dep't of Regulation & Licensing, Board of Nursing,* 159 Wis. 2d 402, 421-22, 464 N.W.2d 111, 117-18 (Ct. App. 1990).

In *DILHR,* the court, as we have said, listed three instances where deference is owed to an administrative agency's legal con-

■

■

The commission rejected the interpretation of sec. 102.42, Stats., advanced by Lisney as conflicting with *Kwaterski v. LIRC,* 158 Wis. 2d 112, 117–18, 462 N.W.2d 534, 536 (Ct. App. 1990), and *Borum v. Indus. Comm.,* 13 Wis. 2d 570, 573–74, 108 N.W.2d 918, 920 (1961). We consider that to be a reasonable conclusion and one that

---

clusions; and it it referred to *Local No. 695*'s "no weight at all" discussion only with respect to deference that is owed as a result of the agency's "experience, technical competence, and specialized knowledge." *DILHR,* 161 Wis. 2d at 246, 467 N.W.2d at 550. In such instances, said the *DILHR* court, "[n]o weight . . . is given to an agency's interpretation of a statute if there is no evidence that the agency has any special expertise or experience interpreting [it]." *Id.,* citing *Local No. 695,* 154 Wis. 2d at 84, 452 N.W.2d at 372.

There is, however, no mention of *Local No. 695* or its language requiring "evidence of . . . special expertise or experience" in connection with the *DILHR* court's discussion of the deference owed to interpretations of statutes by the agency charged with their administration and application. And that makes sense. When we are asked to defer to an agency's construction of a statute (a question of law normally decided *de novo* by a reviewing court) because of the agency's special knowledge, expertise or experience, it is appropriate to require some evidence that it in fact has such knowledge, expertise or experience.

Where, however, the legislature has specifically charged the agency with the duty of administering and applying the particular statute, no such evidence is necessary. The legislature, after all, has created both the law being administered and the agency administering it. In such circumstances, we may presume or infer from the legislative delegation itself that the agency created by the legislature to administer and interpret the statute is competent to do so and is entitled to a degree of judicial deference in this regard.

We see *DILHR,* then, as clarifying our interpretation of *Local No. 695.*

634

is not clearly contrary to the intent of the legislature. Indeed, we believe it is compelled by *Kwaterski* and *Borum,* both of which held that once a final order has been issued and the statutory time for review has expired, the commission lacks jurisdiction to proceed on a subsequent application for additional compensation for injuries allegedly sustained in the same accident. *Kwaterski,* 158 Wis. 2d at 117-18, 462 N.W.2d at 536; *Borum,* 13 Wis. 2d at 573-74, 108 N.W.2d at 920.

> [A]n injured employee's right to recover work[er's] compensation is based on ch. 102, Stats.; he [or she] has but one cause of action for compensation for all injury and disability sustained as a result thereof . . .. When the commission makes findings and a final award it is not passing upon merely the employee's right to compensation for certain claimed or then-known injuries. It is passing upon all compensation payable for all injuries caused by that accident . . .. The commission thereafter has no further jurisdiction to resume consideration of the consequences of the same accident. *Kwaterski,* 158 Wis. 2d at 117-118, 462 N.W.2d at 536, quoting *Borum,* 13 Wis. 2d at 573-74, 108 N.W.2d at 920.

We explained in *Kwaterski* that, at times, "the result [of the commission's inability to rehear final orders may be] disturbing," especially where new evidence "draw[s] into question the commission's determination that [the injured worker's] healing period had been completed." *Id.* at 118, 462 N.W.2d at 536. We nevertheless ruled that the commission lacked jurisdiction, explaining that:

> Errors may occur in any litigation, and, as much as they are to be lamented, they are part of the cost that this system endures in the interest of achieving some finality to litigation. In the absence of such a con-

635

cluding point, this system would necessarily assume the additional costs of continued supervision. Our legislature has seen fit to provide for the finality of worker's compensation claims, and we are powerless to nullify that legislative determination. *Kwaterski* at 118, 462 N.W.2d at 536.

██

Lisney attempts to distinguish *Kwaterski* and *Borum*. First, she argues that she is simply seeking reimbursement for her medical expenses and is not attempting to relitigate temporary, permanent or partial disability. That distinction, however, does not change the fact that after the commission makes a final order, and the period for review has expired, its determination is final for all purposes. *Kwaterski,* 158 Wis. 2d at 118, 462 N.W.2d at 536.

Second, Lisney argues that the present sec. 102.42(1), Stats., was enacted by the legislature after the supreme court's decision in *Borum* and that, as a result, the case is unpersuasive.[5] She made the same argument below, and we agree with the analysis underlying the trial court's rejection of the argument:

> [T]he crux of the holding in *Borum,* as cited in *Kwaterski,* is that once there is a final order as to a particular accident, 'The commission thereafter has no further jurisdiction to resume consideration of the consequences of the same accident' That is exactly what Lisney asked the commission to do in this case: to resume consideration of the consequences of the

---

[5]As indicated, the legislature added the last sentence to sec. 102.42(1), Stats., in 1973: "The obligation to furnish such treatment and appliances shall continue as required to prevent further deterioration in the condition of the employe or to maintain the existing status of such condition whether or not healing is completed."

same accident. The fact that *Kwaterski* did not deal specifically with 102.42(1) is inconsequential, because *Kwaterski* clearly establishes that the principle of finality announced in *Borum* applies to the current worker's compensation scheme [citations omitted].

■
We thus conclude that while sec. 102.42(1), Stats., extends an employer's obligation to pay medical benefits to maintain an existing condition or avoid deterioration of an employee's condition, it does not authorize the commission, once the proceedings have been finally closed, to issue additional orders requiring payment by the employer.

■
Finally, Lisney argues that principles of fairness and justice should outweigh "the policy of finality" in worker's compensation cases. The argument fails to recognize, however, that "[b]ecause the law of worker's compensation is statutory, public policy questions concerning its scope and fairness are for the legislature, not the courts." *State v. LIRC,* 136 Wis. 2d 281, 297, 401 N.W.2d 585, 592 (1987).

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting).* Section 102.42, Stats., provides medical and hospital benefits for injured employees. Larson states that, "An integral and important part of the benefit scheme of all compensation acts is the provision of hospital and medical benefits." 2 Arthur Larson, Workmen's Compensation Law § 61.11 at 10-766. For a tabulation of medical benefits under the various statutes, Larson refers the reader to Appendix B, Table 15. That table is found in 4 Larson, Workmen's Compensation Law, and lists secs. 102.42, 102.43 and

102.61, Stats., for Wisconsin. Larson says that, "In forty-seven states such benefits are unlimited as to duration and amount." 2 Larson at 10–767 (footnotes omitted). Wisconsin is one of the forty-seven states. Larson further states:

> It is interesting to observe that in the space of about thirty-five years the number of states providing full medical coverage has risen from about a dozen to more than four times that number. This appears to evince agreement with the finding of an authoritative study that 'it is impossible fully to relieve pain and to assure restoration of seriously disabled persons when medical care is arbitrarily limited. Equally important is the convincing evidence that unlimited medical benefits are economically the soundest benefit; that over the long term, they become the least expensive.'

*Id.* (quoting Cheit, Injury and Recovery in the Course of Employment 42 (1961)).

Wisconsin did not provide full medical coverage until 1973 when the following sentence was added to sec. 102.42(1), Stats: "The obligation to furnish such [medical, surgical and hospital] treatment and appliances shall continue as required to prevent further deterioration in the condition of the employe or to maintain the existing status of such condition whether or not healing is completed." This amendment was adopted by the legislature in response to a proposal by the Council on Worker's Compensation. Each legislative session, the council makes recommendations to the legislature for needed changes in the worker's compensation laws. Section 102.14(2), Stats; Wisconsin Blue Book at 463 (1991–92).

Neither LIRC nor the majority cites any case which has construed the 1973 amendment to sec. 102.42(1), Stats. However, the statute has been interpreted by John

D. Neal and Joseph Danas, Jr., in Worker's Compensation Handbook § 5.43 (3d ed. 1990), as follows:

> The insurance carrier is also liable for reasonable and necessary treatment 'to prevent further deterioration in the condition of the employe or to maintain the existing status of such condition whether or not healing is completed.' Sec. 102.42(1), Stats. . . .. Such liability does not cease with the final payment of disability benefits, but is subject to sec. 102.17(4), Stats., which bars the filing of an application for hearing after 12 years from the last payment of compensation.

LIRC and the majority conclude that Lisney's interpretation of the statute conflicts with *Kwaterski v. LIRC,* 158 Wis. 2d 112, 117–118, 462 N.W.2d 534, 536 (Ct. App. 1990) and *Borum v. Industrial Comm'n,* 13 Wis. 2d 570, 573–74, 108 N.W.2d 918, 920 (1961). Neither case has any application. *Kwaterski* involved a claim for permanent, partial disability. *Borum* involved a claim for permanent disability and, further, was decided before sec. 102.42(1), Stats., was amended in 1973.

The majority defers to LIRC's interpretation because LIRC has the duty of applying ch. 102, Stats. Majority op. at 633. However, LIRC has not previously applied sec. 102.42(1), Stats., to an employee's claim for medical benefits under the circumstances present here. At least it does not claim that its interpretation of the statute is longstanding. So far as I can determine, this is a case of first impression. We therefore give no deference to the agency's interpretation of sec. 102.42(1), Stats., *Local No. 695 v. LIRC,* 154 Wis. 2d 75, 84, 452 N.W.2d 368, 372 (1990), or, at the most, "due weight." *School Dist. of Drummond v. WERC,* 121 Wis. 2d 126, 133, 358 N.W.2d 285, 289 (1984). However, we will not give an

unreasonable construction to a statute. *Currie v. Schwalbach,* 132 Wis. 2d 29, 42, 390 N.W.2d 575, 580 (Ct. App. 1986), *aff'd,* 139 Wis. 2d 544, 407 N.W.2d 862 (1987). As Lisney points out, LIRC's construction of the 1973 amendment to sec. 102.42(1), Stats., makes the statute impossible to administer and virtually meaningless.