MILLER BREWING COMPANY and National Union Fire Insurance, Plaintiffs-Appellants,†

v.

LABOR & INDUSTRY REVIEW COMMISSION and John E. Beverly, Defendants-Respondents.

Court of Appeals

*No. 91–1125. Submitted on briefs November 5, 1991.—Decided January 14, 1992.*

(Also reported in 480 N.W.2d 532.)

†Petitioner to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Patricia K. Ballman* and *Donald L. Schriefer* of *Quarles & Brady* of Milwaukee.

On behalf of the defendant-respondent Labor and Industry Review Commission, the cause was submitted

on the briefs of *James E. Doyle,* attorney general, and *Lowell E. Nass,* assistant attorney general.

On behalf of the defendant-respondent John E. Beverly, the cause was submitted on the briefs of *Arthur Heitzer* of the *Law Offices of Arthur Heitzer* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. Miller Brewing Company (Miller) and its compensation carrier, National Union Fire Insurance (National Union) (collectively, the "Appellants") appeal from a judgment dismissing their action for lack of subject-matter jurisdiction.[1] The circuit court found that the Appellants' failure to join another of Miller's compensation carriers, Twin City Fire Insurance Company (Twin City), as an adverse party in its action for judicial review of a Labor and Industry Review Commission (the "Commission") ruling under sec. 102.23(1)(a), Stats., deprived the court of competency to exercise its subject-matter jurisdiction. We affirm.

## I.

The facts are undisputed. From November 1967 to April 1969, John E. Beverly (Beverly) served in the U.S. Army, including sixteen months of combat duty in the Vietnam conflict.[2] Beverly was subsequently diagnosed with a Post-Traumatic Stress Disorder. Miller employed

---

[1] Subject-matter jurisdiction relates to the power of the court to address issues in an action. Subject-matter jurisdiction is conferred on a court by the constitution and statutes. Competency, a narrower concept, relates to the power of the court to exercise its subject-matter jurisdiction. *Brandt v. LIRC,* 160 Wis. 2d 353, 366–67, 466 N.W.2d 673, 678 (Ct. App. 1991), *review granted,* 160 Wis. 2d lv, 471 N.W.2d 509 (1991).

[2] As a result of Beverly's military service, he was wounded on

Beverly full-time from June 1974, to January 20, 1983. Beverly's coemployees at Miller intentionally harassed him when they discovered they could induce wartime flashbacks in Beverly by generating loud, unexpected noises; e.g., dropping tables; dropping forklift forks onto the floor; breaking beer bottles; popping empty paper cups and milk cartons; and setting off fireworks. Beverly was absent from work for extended periods as a result of these incidents and ultimately filed a claim for worker's compensation benefits.[3]

In June 1989, two Administrative Law Judges for the Department of Industry, Labor and Human Relations Worker's Compensation Division (ALJs) reviewed Beverly's claim and found that his pre-existing Post-Traumatic Stress Disorder was aggravated and accelerated beyond a normal progression as a result of his employment with Miller. The ALJs concluded that Beverly's disability date was January 20, 1983, his last day of work with Miller.[4] Twin City, Miller's worker's compensation insurer since January 1, 1983, was ordered to pay

three separate occasions, received several medals, including the Purple Heart, and was honorably discharged.

[3]The Commission found that in April 1988 Beverly was seated at a lunch room table drinking coffee and reading a book when a milk carton was popped or a firecracker was set off. Beverly jumped from the table, spilled the coffee onto himself and dropped to the floor as a self-defense reaction. He subsequently received psychiatric treatment and was unable to work from April 23, 1981, to November 10, 1981. In a similar incident in the lunchroom, a bottle rocket was set off in the direction of Beverly in May 1982. Beverly again reflexively dropped to the floor as he flashed back to his combat duty experience. As a result, Beverly was hospitalized for approximately seven and one-half months for inpatient psychiatric treatment at Veterans Administration Hospital before returning to work. The harassment continued.

[4]Beverly received temporary total disability from January 21,

over $85,000 on Miller's behalf for Beverly's worker's compensation benefits and fees associated with the claim. National Union, Twin City's predecessor, was dismissed from Beverly's claim. Twin City filed a timely appeal to the Commission.

In May 1990, the Commission majority agreed with the ALJs' finding that Beverly suffered an occupational disease as a result of his employment with Miller. However, the Commission reversed the ALJs' date of disability finding and instead stated that the first date of disability was April 23, 1981. Since National Union was Miller's worker's compensation insurer during April, 1981, the Commission ordered National Union to pay the worker's compensation benefits and related fees, and dismissed Twin City from any contribution to Beverly's claim.[5]

The Appellants timely filed suit in circuit court against the Commission for a review of its ruling pursuant to sec. 102.23(1), Stats. The circuit court held that it did not have subject-matter jurisdiction because Twin City was an adverse party and was not a named defendant in the circuit court action, as required by sec. 102.23(1)(a), Stats.

---

1983 to February 20, 1983 due to a sprained ankle while on the job.

[5]One of the three commissioners dissented in the Commission's ruling. The dissenting commissioner stated the claimed stress at work was not causal of the progression of Beverly's Post-Traumatic Stress Disorder. Therefore, this commissioner would have reversed the ALJs' finding and denied all benefits to Beverly for any claimed temporary total disability.

835

## II.

The sole issue on appeal is whether Twin City is an "adverse party" within sec. 102.23(1)(a), Stats. in a claim for worker's compensation benefits. Resolution of this issue requires an application of a statute to undisputed facts. This presents an issue of law, which we review de novo and without deference to the Commission's ruling or judgment of the circuit court. *See Kwaterski v. LIRC,* 158 Wis. 2d 112, 116–17, 462 N.W.2d 534, 535 (Ct. App. 1990), *review denied.*

The Appellants argue that sec. 102.23(1) is unambiguous and that its plain meaning requires "adversity in interest" as a condition to the status of an adverse party. They state that, as successive compensation carriers, National Union and Twin City were never adverse in interests.[6] The Appellants reason that since neither of the insurers argued against each other or sought to implicate the other for defense purposes, they were not adverse in interest. The Appellants conclude that since the insurers were not adverse in interest, they were not adverse parties under sec. 102.23(1)(a).

The Appellants also contend that even if the court were to vacate National Union's worker's compensation liability, it would not necessarily follow that Twin City would be found liable; Beverly could be denied all benefits. They also argue that the issue of disability coverage in the circuit court suit relates to the 1981 and 1982 incidents, from which Twin City would not possibly be

---

[6]The thrust of both National Union's and Twin City's defenses to Beverly's claim was that his trauma was related solely to his Vietnam experience and not incidental to or arising out of his employment with Miller, and hence, not an injury compensable under ch. 102, Stats.

liable due to policy coverage dates. It follows that the dismissal of Twin City by the Commission was final, not a part of the circuit court suit, and that Twin City therefore cannot be an adverse party to either Miller or National Union. Beverly argues that Twin City is an adverse party, as used in both sec. 102.23(1), Stats. and LIRC 3.06, Wis. Admin. Code (May, 1988) (actions for judicial review), and must be a named party in the Appellants' circuit court action.

### III.

Generally, the right to commence an action for review of a Commission ruling requires strict compliance with the procedure of sec. 102.23, Stats.[7] *Cruz v. DILHR,* 81 Wis. 2d 442, 448, 260 N.W.2d 692, 693 (1978). Unless the statutory requirements are strictly met, a party commencing the action for review cannot invoke the circuit court's competence to exercise its subject-matter jurisdiction. Where a statute provides for judicial review of an agency determination in the form of an action, that action is ordinarily the exclusive means of redress for all parties. *Schiller v. DILHR,* 103 Wis. 2d 353, 355, 309 N.W.2d 5, 6 (Ct. App. 1981).

Section 102.23(1)(a), Stats., provides in part:

> The order or award granting or denying compensation, either interlocutory or final, whether judgment has been rendered on it or not, is subject to review only as provided in this section and not under ch. 227

---

[7]It is imprecise to characterize the action in the circuit court as an "appeal" or "administrative proceeding." It is the commencement of a circuit court action. *In re Gangler v. Wisconsin Elec. Power Co.,* 110 Wis. 2d 649, 657, 329 N.W.2d 186, 190 (1983).

or s. 801.02. Within 30 days after the date of an order or award made by the commission either originally or after the filing of a petition for review with the department under s. 102.18 any party aggrieved thereby may by serving a complaint as provided in par. (b) and filing the summons and complaint with the clerk of the circuit court commence, in circuit court, an action against the commission for the review of the order or award, *in which action the adverse party shall also be made a defendant.* (Emphasis added.)

LIRC 3.06, Wis. Admin. Code, supplements this statute[8] and states: "The action shall be commenced against the commission, and the party in whose favor the order or award was made shall also be made a defendant."[9]

The Appellants did not comply with the requirements of the administrative code in their suit against the Commission in circuit court. The Appellants must name in their suit, as a defendant, those parties who are favored by the Commission's award as well as the Commission itself. The Appellants only named the Commission and Beverly, and excluded Twin City, a party which benefitted from the Commission's ruling.

Additionally, we determine that the "adverse party" referenced in sec. 102.23(1)(a), Stats., includes past or current parties to the compensation claim who may or

---

[8]An agency may not interpret or apply an administrative rule in derogation of a statute. *See State ex rel. Democrat Printing Co. v. Schmiege,* 18 Wis. 2d 325, 336, 118 N.W.2d 845, 851–52 (1963).

[9]"Party," as defined in this code section, may include multiple defendants. *See* sec. 990.001(1), Stats. (construction of laws; rules for) ("The singular includes the plural, and the plural includes the singular.").

have had differing interests in the outcome of the circuit court action. *See Brandt*, 160 Wis. 2d at 370, 466 N.W.2d at 680 (Ct. App. 1991) (employer deemed "adverse party" under sec. 102.23(1)(a), Stats., in context of unemployment benefits action because a circuit court judgment may affect an employer's contribution rate to the unemployment compensation fund). Additionally, in light of sec. 102.23(1)(a) and related case law, we reject the contention that an "adverse party" definition is limited to adversity between or among Miller, National Union, and Twin City, all defendants during prior DILHR proceedings. Even if we accept the contention that Twin City was never an adverse party to Miller and National Union, Twin City was at one time an adverse party to Beverly. Both of these worker's compensation insurers were subject to liability at different times during prior DILHR proceedings because of the different findings of disability dates by the ALJs and Commission.[10] Since Beverly looked to both Twin City and National Union for compensation, Twin City is an adverse party under sec. 102.23(1), Stats.

■

In addition to Twin City's possible exposure to payment of benefits as a result of the Appellants' circuit court action, provided that the circuit court had competency to review the Commission's ruling, Beverly's conditional cross-counterclaim against the Commission,

[10]The ALJs first ruled against Twin City and in favor of National Union and determined January 20, 1983, as Beverly's date of disability. The Commission reversed the ALJs' rulings and determined April 23, 1981, as Beverly's date of disability. If the circuit court had competency, it could have in turn reversed the ruling of the Commission and reinstated the ALJs' ruling, in which case Twin City would have been adversely affected by the circuit court's judgment.

filed along with his answer to the Appellants' complaint, could also affect Twin City's liability for Beverly's worker's compensation benefits.[11] Hence, Twin City is once again an adverse party to Beverly, and conceivably National Union, in the circuit court action because the circuit court judgment would determine who, if anyone, pays for Beverly's worker's compensation benefits.

Ample case law supports our interpretation of "adverse party" in sec. 102.23(1)(a). The supreme court in *Falk v. Industrial Comm'n*, 258 Wis. 109, 45 N.W.2d 161 (1950), stated that "an appellant's failure to serve notice of his appeal on one of the parties whose interest is adverse to the interest of appellant is fatal to the court's jurisdiction." *Id.* at 111, 45 N.W.2d at 162. The court also cited a now repealed and reformulated statute regarding notice of appeal requirements. This statute, now replaced by Rule 809.10, Stats. (initiating the appeal) stated: "On appeals from a judgment the appellant shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action." *Id.* The court in *Holley v. DILHR,* 39 Wis. 2d 260, 266, 158 N.W.2d 910, 912 (1968), also stated that an "adverse party," as set forth in sec. 102.23, refers to a

---

[11]Beverly's conditional cross-/counter-claim stated that the Commission's decision adversely affected him by erroneously determining that the date of injury was April 23, 1981, rather than January 20, 1983, his last day of work. This claim is directly adverse to the interests of Twin City because their policy coverage on behalf of Miller began January 1, 1983. Although this pleading may be directed to affect the appeal, the argument is anomalous because the effect of a favorable ruling to Beverly on his cross-/counter-claim may reduce the amount of his recovered benefits.

840

party whose interests were adverse in the proceedings before DILHR.

On appeal to this court, the Appellants also argue that their suit in circuit court only pertains to the two claims filed during its own coverage period. The facts do not support this contention. A review of the Appellants' complaint filed in circuit court reveals a request of the court to review and reverse the entire ruling of the Commission, not just a portion of it.[12]

The facts support the determination that Twin City was an adverse party to Beverly in all prior DILHR proceedings. Additionally, National Union admits that its interests were adverse to Twin City's in its appellate brief when it stated: "The Department, [ALJs] and LIRC, [Commission], could have found liability against neither insurer, against just one, or against both" because two of Beverly's claims pertain to National Union's coverage periods and one claim pertains to Twin City's coverage period.[13]

---

[12]The appellants' complaint stated:

WHEREFORE, plaintiffs request judicial review of LIRC's findings and order in accordance with Wis. Stat. § 102.23, and that the Court:
1. Permit plaintiffs to submit written and oral argument on the questions involved herein;
2. Set aside or reverse LIRC's decision; and
3. Grant plaintiffs such other or alternative relief as the Court deems just and equitable.

[13]The Commission moved this court to strike affidavits of National Union and Twin City filed in the circuit court. They are appended to briefs and assert that the carriers were not adverse to each other in the administrative proceedings because they made a united effort to show that Beverly's Post-Traumatic Stress Disorder was not incidental to or grew out of his employment with Miller. The Appellants did not contest this motion in its reply

In conclusion, we determine that an "adverse party," for purposes of a worker's compensation action in circuit court under sec. 102.23(1), Stats., includes any party bound by the Commission's order or award granting or denying compensation to the claimant. The interests of an adverse party need not necessarily be immediately adverse to the party filing a circuit court action. Parties are also adverse under sec. 102.23(1), Stats. when different interests are asserted by parties in prior DILHR proceedings.

*By the Court.*—Judgment affirmed.

FINE, J. *(dissenting).* On May 3, 1990, the Labor and Industry Review Commission decided the worker's compensation claim filed by John E. Beverly. The Commission framed the issue before it thusly:

> The parties [Beverly, Beverly's employer, and National Union and Twin City Fire Insurance Company (the employer's worker's compensation carriers)] disputed whether [Beverly] suffered a mental injury caused by work and the nature and extent of such injury.

The Commission concluded that Beverly had, indeed, suffered a work-related mental injury, and that since the

---

brief. The circuit court did not pass on a like motion. We also decline to do so because the circuit court lacked competency to hear the action.

We also decline to address the Appellants' argument that the dismissal of Twin City by the Commission was final as to Twin City, and therefore, Twin City could not be an adverse party in the circuit court action. *In re Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985) (this court need not consider arguments unsupported by citation to legal authority).

"date of first wage loss due to the occupational disease occurred on April 23, 1981, when National Union Fire Insurance insured the employer," National Union was responsible for Beverly's disability benefits. National Union and the employer sought review by the circuit court, alleging that they were "aggrieved by [the commission]'s May 3, 1990[,] decision and seek judicial review of [the commission]'s findings and order."

The majority affirms the trial court's dismissal of National Union's complaint because the majority agrees with the trial court that Twin City is an "adverse party" under section 102.23(1)(a), Stats., and therefore should have been made a defendant. The majority apparently recognizes that Twin City is not *actually* adverse to National Union *vis-a-vis* National Union's circuit-court action, however. Indeed, the majority admits that National Union and Twin City never took positions that were adverse to one another.[1] Nevertheless, the majority pegs Twin City's "adversity" on "Twin City's *possible* exposure to payment of benefits," majority op. at 839 (emphasis added), and, because of Beverly's "conditional answer . . . with cross or counter claim," Twin City's *potential adversity to Beverly, ibid.* The majority's excursion into the hypothetical is not warranted by either the statute or interpretive case law, and I respectfully dissent.

---

[1] "The thrust of both National Union and Twin City's defenses to Beverly's claim was that his trauma was related solely to his Vietnam experience and not incidental to or arising out of his employment with Miller, and hence, not an injury compensable under ch. 102, Stats." Majority op. at 836 n.6.