STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert M. SCHMITT, Defendant-Appellant,

2002 TOYOTA TACOMA, Defendant.
[Case No. 2011AP1949]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert M. SCHMITT and 2002 Toyota Tacoma,
Defendants,

Beverly KORN, Intervenor-Appellant.
[Case No. 2011AP2692]

Court of Appeals

*Nos. 2011AP1949, 2011AP2692.*
*Submitted on briefs August 13, 2012.—Decided October 3, 2012.*

2012 WI App 121

(Also reported in 824 N.W.2d 899.)

On behalf of the defendant-appellant and intervenor-appellant, the cause was submitted on the briefs of *Donna J. Kuchler* of *Kuchler & Cotton, S.C.*, of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Barbara A. Michaels*, assistant district attorney.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. BROWN, C.J.   In this case we decide that, even though the summons, complaint and the supporting affidavit must each be authenticated as a condition of personal jurisdiction when commencing a forfeiture action, the failure to authenticate the affidavit in this instance was a technical and not a fundamental error where the deficiency was due to a clerk's error. Our supreme court has held that when the failure to authenticate is due to a clerk's error, the error is technical. We affirm the circuit court's judgment and order.

¶ 2.   Few facts are relevant to this appeal. Robert M. Schmitt appeals from a judgment forfeiting his car, seized in connection with his arrest on drug charges.[1] The State filed the forfeiture summons, complaint and affidavit as set forth in Wis. Stat. § 961.555(2)(a) (2009–10),[2] which governs the procedure for forfeiture of, among other things, vehicles used to transport

---

[1] Beverly Korn intervened in the Schmitt case, claiming to possess an unrecorded interest in the vehicle. In an order forfeiting the vehicle, the circuit court found that Korn held no perfected security interest in the vehicle. Korn appealed, and we consolidated Korn's case and Schmitt's case on appeal for purposes of both briefing and disposition.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

controlled substances. *See* WIS. STAT. § 961.55(1)(d). The forfeiture complaint alleged that Schmitt was using the car as part of a heroin sale, and Schmitt admitted these allegations.

**[1]**

¶ 3.   The statute says that the "forfeiture action shall be commenced by filing a summons, complaint and affidavit . . . with the clerk of circuit court, provided service of authenticated copies of those papers is made in accordance with [WIS. STAT.] ch. 801 within 90 days after filing." WIS. STAT. § 961.555(2)(a). This court, in *State v. Hooper*, 122 Wis. 2d 748, 751, 364 N.W.2d 175 (Ct. App. 1985), noted that "[a]uthentication of a summons and complaint is accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and complaint" and further announced that "for purposes of [what is now § 961.555(2)(a)], a forfeiture affidavit is authenticated the same way." Therefore, the law is that the summons, complaint and affidavit must each be authenticated as a condition precedent to jurisdiction over the forfeiture action.

¶ 4.   In Schmitt's case, the first page of the summons and the first page of the complaint were each authenticated, but the first page of the affidavit was not. Schmitt moved to dismiss the action for lack of jurisdiction. The circuit court denied the motion, noting that the three documents were stapled together and finding that Schmitt "was served with the summons, the forfeiture complaint and an affidavit as part and parcel of one document as they were attached together when they were served." The circuit court also granted the State's motion for summary judgment.

■

¶ 5.   There is only one issue on appeal:   did the failure to authenticate the affidavit constitute a funda-

mental error that deprived the circuit court of jurisdiction? Schmitt argues that the lack of authentication of the affidavit is a fundamental error, which deprives the circuit court of jurisdiction. The State responds that the lack of authentication was an error on the part of the clerk and that such error was technical and did not prejudice Schmitt.

¶ 6. Errors in commencement of an action are either fundamental or technical. *American Family Mut. Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992).

> Defects are either technical or fundamental—where the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof.

*Id.* A fundamental error occurs when the complainant fails to meet the requirements of Wis. Stat. § 801.02(1) regarding commencement of a suit. *American Family*, 167 Wis. 2d at 533. Whether a defect is fundamental or technical is a question of law we review de novo. *Mahoney v. Menard Inc.*, 2011 WI App 128, ¶ 6, 337 Wis. 2d 170, 805 N.W.2d 728.

¶ 7. *American Family* is the seminal case on this issue, so it is helpful to briefly discuss it. American Family sued Royal Insurance and "ABC Insurance Co.," later identified as Milwaukee Mutual, for reimbursement of damages American Family had paid out on an accident. *Id.* at 527. Royal then cross-claimed against Milwaukee Mutual, but served Milwaukee Mutual with unauthenticated photocopies of the authenticated American Family summons and complaint. *Id.* at 528. The supreme court held that failure to serve authenti-

591

cated copies of the summons and complaint on the defendant Milwaukee Mutual was a fundamental defect which deprived the circuit court of personal jurisdiction over Milwaukee Mutual. *Id.* at 535. In doing so, the supreme court engaged in an extended and thoughtful analysis of fundamental and technical defects. *See id.* at 530–34.

¶ 8. Schmitt points out that, under *American Family*, the burden is on the one who filed the pleadings, in this case the State, to show there was no defect. *See American Family*, 167 Wis. 2d at 533. It is obvious that the burden has not been met in this case, and the State does not argue otherwise. The affidavit was not separately authenticated. This was a defect.

¶ 9. However, our review shows us that the summons, complaint and affidavit are stapled together, bound with a blueback and filed as one document. The summons and complaint were both signed on April 21, 2010, and the affidavit was signed on April 26, 2010. The summons and complaint were each file-stamped on April 26, 2010. At trial, the summons, complaint and affidavit were admitted into evidence without objection as one exhibit, Exhibit 2, stapled together as one document. The interpretation of documentary evidence is a question of law that is reviewed de novo. *See Cohn v. Town of Randall*, 2001 WI App 176, ¶ 7, 247 Wis. 2d 118, 633 N.W.2d 674. We are in the same position as the circuit court to review documents and use our own independent judgment. *See id.* It is obvious to us that the three items were submitted as one document and that the clerk stamped the summons and complaint, but for some reason, did not stamp the affidavit. So, yes, there is a defect. But the question remains whether it is a fundamental defect.

¶ 10. We look to *American Family* to determine the nature of this defect. The *American Family* court crafted an exception to the general rule that lack of an appropriate file stamp is a fundamental error. *American Family*, 167 Wis. 2d at 533–34. Compliance with filing, authentication and service requirements "does not encompass the clerk's responsibilities." *Id.*

> Thus, an erroneous case number stamped on the Summons and Complaint by the clerk should not be viewed as fundamental. Such error is technical and will not preclude personal jurisdiction unless the defendant is prejudiced thereby .... While complainant has the burden to meet the requirements of sec. 801.02(2) Stats., a clerk's responsibility to perform his or her duty of stamping a Summons and Complaint is beyond the control of the complainant.

*American Family*, 167 Wis. 2d at 534. We are confident that, in this case, the clerk's incomplete stamping was "beyond the control" of the State. To repeat, the record shows that the summons, complaint and affidavit were presented to the clerk at the same time as one document. The clerk failed to authenticate the affidavit. As discussed in *American Family*, this clerical error falls outside the rule that the complainant must show there was no defect in the commencement of the suit. *Id.*

¶ 11. Schmitt argues that there is no factual basis for the conclusion that the failure to authenticate the affidavit was error on the part of the clerk. He points out that neither the clerk nor the person who filed the documents testified. But we have the documents themselves, and, as noted above, they were filed at the same time. Furthermore, Detective Andrew Martin, the process server, testified that Exhibit 2 appeared to be "identical to *the one*" he served on Schmitt. At the hearing, the circuit court said that Martin had testified

that the documents were stapled together, and the circuit court asked defense counsel, "But what if they're stapled together? . . . Part and parcel of the same thing?" Defense counsel did not question the circuit court's characterization.

¶ 12. Now, on appeal, Schmitt, for the first time, takes issue with the circuit court's summarization of Martin's testimony. Defense counsel asserts that "Martin was never asked, nor did he ever indicate, whether the three documents were stapled or otherwise attached to each other." It is a little late in the game for that argument. Aside from the fact that Schmitt brings it up now, aside from the fact that, if he thought it was important, he could have asked Martin on cross-examination whether the documents were stapled together, we see the same thing the circuit court saw. The copy filed in the circuit court was stapled as one, and the copy served on Schmitt was stapled as one. So, the argument that there was no testimony about Martin actually seeing the documents stapled together is a weak one, in our opinion, and one we reject.

¶ 13. Having held that the defect was technical, the next question is whether Schmitt was prejudiced. But Schmitt does not allege that he was prejudiced by the service of the unauthenticated affidavit as part and parcel of the authenticated summons and complaint. Nor does he allege that the documents he received differed from those filed with the circuit court. He had notice of the forfeiture action pertaining to his car and he had a copy of the forfeiture affidavit that was filed as part of the summons and complaint. There is no prejudice here.

¶ 14. Finally, we feel that it is necessary to comment on Schmitt's claim that the "clerk's error" argument the State raises on appeal is the "exact opposite of

the State's position before the Circuit Court." Schmitt seizes upon the following statement, made by the State at the motion hearing: "In this particular case we have the clerk that fulfilled her duties and actually stamped the summons and complaint."

¶ 15. The State did not change its position. The State's position has been all along that whatever happened, it was a technical defect, not a fundamental error. The fleeting mention, during oral argument on the motion, of the clerk having "fulfilled her duties" was a comment on her stamping the summons and complaint. This comment does not conflict with the State's argument on appeal that the clerk erred by not stamping the affidavit. Schmitt's argument is all the more off base considering that he himself argues, for the first time on appeal, how there was inadequate testimony to support the conclusion that the documents were stapled together. We have addressed both the State's and Schmitt's arguments.

¶ 16. Our decision does not in any way weaken the authentication requirement in WIS. STAT. § 961.555(2)(a). Failure to comply with the authentication of the forfeiture summons, complaint and affidavit can constitute fundamental error. But where, as here, the State presents all three items, stapled together as one document, to the clerk for authentication, and the clerk errs in failing to separately authenticate the affidavit, such defect is technical, not fundamental, and will only deprive the court of jurisdiction if prejudice is shown.

*By the Court.*—Judgment and order affirmed.