Tiffany HILL, Petitioner-Respondent,

v.

D. C., Respondent-Appellant.

Court of Appeals

*No. 2013AP1844. Submitted on briefs July 31, 2014.*
*—Decided September 9, 2014.*

2014 WI App 99

(Also reported in 855 N.W.2d 880.)

On behalf of the respondent-appellant, the cause was submitted on the brief of *Laura Habush*, guardian ad litem of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Tiffany Hill*, pro se, of West Allis.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. BRENNAN, J. D.C., a juvenile, appeals from an injunction, ordering him to cease harassing and to avoid Tiffany Hill. D.C. argues that the circuit court lost competency to issue the injunction when it twice adjourned the hearing on the matter, contrary to WIS.

STAT. § 813.125(3)(c) (2011–12).[1] We agree that the circuit court lost competency to issue the injunction when it twice adjourned the injunction hearing. As such, we reverse and remand this case back to the circuit court for dismissal of the injunction.

## BACKGROUND[2]

¶ 2. On May 28, 2013, Hill petitioned the circuit court for a temporary restraining order against D.C. The circuit court granted the temporary restraining order,[3] and an injunction hearing was scheduled for June 11, 2013.

¶ 3. At the June 11 hearing, it was discovered that D.C. had not been served with the temporary restraining order. The circuit court adjourned the matter, and the injunction hearing was rescheduled for June 18, 2013.

¶ 4. On June 18, D.C. still had not been served. D.C.'s guardian ad litem moved to dismiss, arguing that WIS. STAT. § 813.125(3)(c) only entitled Hill to one adjournment. The circuit court took the motion under advisement, but chose to toll the time limits and extend

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version.

[2] We note that D.C.'s counsel fails to include a single citation to the record in her brief, contrary to the requirements set forth in WIS. STAT. RULE 809.19(1)(d). *See id.* (requiring all factual references be supported by citations to the record). While we recognize that the record in this case is not voluminous, that fact does not relieve counsel from following appellate procedure. We caution counsel to use more care in the future.

[3] The Honorable William Honrath signed the temporary restraining order.

the temporary restraining order until the next hearing, scheduled for June 21, 2013.[4]

¶ 5. The circuit court held the injunction hearing on June 21. Following the hearing, the court granted Hill's petition for an injunction and the injunction order was promptly entered.[5] D.C. appeals.

## DISCUSSION

¶ 6. Relying on WIS. STAT. § 813.125(3)(c), D.C. argues that the circuit court lost competency over the controversy when it adjourned the injunction hearing for a second time. We agree.

¶ 7. This case requires us to interpret WIS. STAT. § 813.125(3)(c) and apply it to undisputed facts. We review the interpretation and application of a statute *de novo*. *Gasper v. Parbs*, 2001 WI App 259, ¶ 8, 249 Wis. 2d 106, 637 N.W.2d 399. We begin with the language of the statute and interpret it according to the plain meaning of its terms. *Id.* If the statute is clear and unambiguous, we apply it to the facts at hand without further analysis. *Id.* The statute will not be construed in a manner that leads to absurd or unreasonable results, and we strive to interpret a statute in a way that advances its purposes. *Id.*

¶ 8. WISCONSIN STAT. § 813.125(3)(c) states as relevant:

> The temporary restraining order is in effect until a hearing is held on issuance of an injunction under

---

[4] The Honorable Barry Slagle presided over the June 11 and June 18 hearings and entered both adjournments.

[5] The Honorable John DiMotto presided over the June 21 injunction hearing and entered the injunction order.

sub. (4). A judge or circuit court commissioner shall hold a hearing on issuance of an injunction within 14 days after the temporary restraining order is issued, unless the time is extended upon the written consent of the parties *or extended once for 14 days upon a finding that the respondent has not been served with a copy of the temporary restraining order* although the petitioner has exercised due diligence.

(Emphasis added.) The statute explicitly says that a temporary restraining order can be extended "*once* for 14 days upon a finding that the respondent has not been served with a copy of the temporary restraining order." *Id.* (emphasis added). " 'It is an elementary rule of construction that effect must be given, if possible, to every word, clause, and sentence of a statute.' " *State v. Quintana*, 2008 WI 33, ¶ 60, 308 Wis. 2d 615, 748 N.W.2d 447 (citations omitted). As such, we cannot ignore the legislature's directive that courts only be permitted to extend a temporary restraining order once. It is not enough that the circuit court finally held the injunction hearing within the fourteen-day extension period permitted by the statute. The statute says a court may extend the temporary restraining order "once." *See* § 813.125(3)(c). To permit the circuit court to extend the temporary restraining order twice would be to ignore the statute's plain words.

¶ 9. Here, because the circuit court extended the temporary restraining order twice, it lost competency to proceed. *See State v. Smith*, 2005 WI 104, ¶ 18, 283 Wis. 2d 57, 699 N.W.2d 508 ("a court may lose its 'competency' to adjudicate a particular case if it fails to comply with a variety of statutory procedures, including certain time limitations"). Therefore, we must reverse the circuit court's order and remand for dismissal of the injunction order.

467

*By the Court.*—Order reversed and cause remanded with directions.