Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Defendant-Respondent,

Michael R. FROEHLICH and TLC Lawns and
Landscaping, Defendants.

Court of Appeals

*No. 2014AP2221. Submitted on briefs April 7, 2015.
—Decided June 30, 2015.*

2015 WI App 56

(Also reported in 869 N.W.2d 163.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel J. LaRocque*, *Wisconsin Department of Workforce Development*, of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jeffrey J. Shampo*, *Labor and Industry Review Commission*, of Madison.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J.  The Wisconsin Department of Workforce Development ("the DWD") appeals from a circuit court order dismissing its complaint, naming as defendants the Wisconsin Labor and Industry Review Commission ("LIRC"), Michael R. Froehlich ("Froehlich"), and TLC Lawns and Landscaping ("TLC Lawns"). The circuit court concluded that it lacked competency to proceed because the DWD failed to obtain written stipulations to venue in Milwaukee County from all the defendants. We reverse and remand the case back to the circuit court for further proceedings.

## BACKGROUND

¶ 2.  On April 18, 2014, the DWD filed this action in Milwaukee County Circuit Court, pursuant to Wis. Stat. §§ 108.09(7) and 102.23 (2013–14),[1] seeking judicial review of a LIRC decision in an unemployment insurance case. *See id.* (collectively setting forth the guidelines for a party seeking judicial review of a LIRC decision). The DWD's summons and complaint identifies LIRC, Froehlich, and TLC Lawns as defendants. The DWD does not allege that any of the defendants reside in Milwaukee County. The relevant allegations in the pleadings are that LIRC "is a statutory commission within the executive branch" with offices in Madison, Wisconsin; that Froehlich "resides in Appleton, Wisconsin"; and that TLC Lawns "is a Wisconsin employer . . . whose principal office is located in Waupaca, Wisconsin."

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version.

¶ 3. LIRC filed its answer on May 12, 2014. With respect to venue, LIRC's answer states that it would "stipulate to proceedings in Milwaukee County in this case for the purposes of Wis. Stat. § 102.23(1)(a)." LIRC also filed a letter with its answer, in which it stated the following:

> Please note also that this is an action under Wis. Stat. §§ 102.23 and 108.09(7) for judicial review of an administrative agency decision. Wisconsin Stat. § 102.23(1)(a) provides in part: SU22 . . . The proceedings shall be in the circuit court of the county where the plaintiff resides, except that if the plaintiff is a state agency, the proceedings shall be in the circuit court of the county where the defendant resides. The proceedings may be brought in any circuit court if all parties stipulate and that court agrees.

> The complaint does not allege that any of the defendants in this case reside in Milwaukee County. *The commission is willing to stipulate to proceedings in Milwaukee County Circuit Court,* but of course cannot speak for the Court or the other parties.

(Emphasis added; ellipses in letter.) Neither Froehlich nor TLC Lawns has filed a responsive pleading or otherwise appeared in this matter.

¶ 4. On July 16, 2014, two months after it had filed its answer and accompanying letter, LIRC filed a motion to dismiss this action "on the grounds that the Court lack[ed] competency to proceed due to plaintiff's failure to prosecute this case and failure to comply with the statute governing the procedure to obtain venue in Milwaukee County." The DWD opposed the motion to dismiss based primarily on LIRC's willingness to stipulate to proceedings in Milwaukee County as expressed in LIRC's answer and accompanying letter.

¶ 5. The circuit court granted LIRC's motion to dismiss, finding as follows:

> Since none of the defendants in this case reside in Milwaukee County, DWD's action is properly before the Milwaukee circuit court only if all the parties so stipulate and this Court agrees. *See* [WIS. STAT. § 102.23(1)(a)]. It is undisputed that DWD has failed to secure stipulation of all the parties. Although LIRC stated in its answer that it was willing to stipulate to venue, DWD never asked LIRC to formally so stipulate and LIRC has not so stipulated. Even if LIRC's informal acquiescence to venue was sufficient to satisfy the stipulation requirement, DWD has not shown nor asserted that it obtained or even sought to obtain a stipulation from TLC or Froehlich. Since stipulation by all parties to venue in Milwaukee County is a threshold requirement without which the Court may not act, DWD's failure to seek stipulation of all the parties deprives this Court of competency and power to proceed and the action must be dismissed with prejudice.

The DWD appeals.

## DISCUSSION

██

¶ 6. The only issue before us on appeal is whether the circuit court properly dismissed this case on the grounds that venue was improper in Milwaukee County pursuant to WIS. STAT. § 102.23(1)(a). To answer that question, we must review the circuit court's construction of the statute. "Statutory interpretation is a question of law that we review *de novo*." *State ex rel. West v. Bartow*, 2002 WI App 42, ¶ 4, 250 Wis. 2d 740, 642 N.W.2d 233 (italics added).

¶ 7. We construe statutory language based on its common and ordinary meaning. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the language is plain and unambiguous, our analysis stops there. *Kangas v. Perry*, 2000 WI App 234, ¶ 8, 239 Wis. 2d 392, 620 N.W.2d 429. In conducting this analysis, we read statutory language not in isolation but as it relates to the statute as a whole. *Id.* "[W]e look only to the plain language, purpose, context, and structure of the statutes." *Gister v. American Family Mut. Ins. Co.*, 2012 WI 86, ¶ 9, 342 Wis. 2d 496, 818 N.W.2d 880.

¶ 8. WISCONSIN STAT. § 102.23(1)(a) states, with respect to venue, that:

> The proceedings shall be in the circuit court of the county where the plaintiff resides, except that if the plaintiff is a state agency, the proceedings shall be in the circuit court of the county where the defendant resides. The proceedings may be brought in any circuit court if all parties stipulate and that court agrees.

We require strict adherence to the dictates of § 102.23. *Brandt v. LIRC*, 166 Wis. 2d 623, 634–35, 480 N.W.2d 494 (1992). Absent strict compliance, an action must be dismissed. *Id.* at 635.

¶ 9. It is undisputed that the DWD is a state agency and that none of the defendants in this case reside in Milwaukee County where the action was filed. As such, the question before us becomes whether, on the facts in this case, all of the parties have stipulated to venue in Milwaukee County.

¶ 10. The DWD named three defendants in its complaint: LIRC, Froehlich, and TLC Lawns. LIRC

expressly stated in its answer that it would "stipulate to proceedings in Milwaukee County in this case for the purposes of Wis. Stat. § 102.23(1)(a)" and, in addition, filed a letter in the circuit court in which it again stated that it was "willing to stipulate to proceedings in Milwaukee County Circuit Court." There can be no genuine dispute that LIRC has agreed to venue in Milwaukee County. It expressed its willingness to proceed in Milwaukee County in writing in two different documents and filed those documents with the court.

¶ 11. As for the remaining two defendants, Froehlich and TLC Lawns, they have neither appeared nor filed a response to the DWD's complaint. The time to do so had long since past at the time the circuit court dismissed this action. *See* WIS. STAT. § 102.23(1)(c) ("the commission shall serve its answer within 20 days after the service of the complaint, and, within the like time, the adverse party may serve an answer to the complaint"). No one alleges that Froehlich or TLC Lawns were not served or were otherwise unaware that the action had commenced. While their failure to respond or participate beyond the time for answer does not constitute an actual stipulation, it does indicate—under the circumstances here, where there is no claim of lack of service—that they chose to be inactive parties.[2] We conclude that the only reasonable reading of § 102.23(1)(c)'s plain language is that stipulation is only required from active parties.

¶ 12. As a practical matter, we fail to see how the DWD could obtain stipulations from parties who have

---

[2] While Froehlich and TLC Lawns both failed to respond to the complaint, the circuit court never officially found the parties in default.

expressed no interest in engaging in this action regardless of venue. *See Kalal*, 271 Wis. 2d 633, ¶ 46 (directing courts to consider statutory language "reasonably, to avoid absurd or unreasonable results"). And because the legislature did not include a process for obtaining stipulations from non-answering parties, we presume it did not intend to require the same. *See id.*, ¶ 39 (" 'We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.' ") (citation omitted).

■

¶ 13.   Furthermore, requiring the DWD to obtain stipulations to venue from parties who are not interested in participating in the action does not further the purpose of the venue statute. The purpose of venue statutes is to prevent inconvenience or hardship to parties involved in the action. *See Kohlbeck v. Reliance Const. Co.*, 2002 WI App 142, ¶ 25, 256 Wis. 2d 235, 647 N.W.2d 277. To require the DWD to obtain stipulations to venue from two parties who have not responded to the action and have not expressed any interest in participating, is unreasonable and does not further that purpose. *See Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 14.   LIRC has agreed to venue in Milwaukee County in writings filed with the court, and the remaining two defendants failed to respond to the action. In such a situation, we conclude that all of the parties have stipulated to venue in Milwaukee County within the meaning of Wis. Stat. § 102.23(1)(a). To conclude otherwise serves no purpose, elevates form over substance, and is not a reasonable reading of § 102.23(1)(a). *See Kalal*, 271 Wis. 2d 633, ¶ 46 (directing courts to consider statutory language "reason-

ably, to avoid absurd or unreasonable results"). As such, we reverse the circuit court's contrary decision.[3]

¶ 15. In so concluding, we reject LIRC's argument that "the only reasonable reading of Wis. Stat. §§ 108.09(7)(a) and 102.23(1)(a) is that a state agency must obtain the required party stipulations and circuit court agreement *before* beginning its action if it wants to proceed somewhere other than a county where a defendant resides." (Emphasis added.) The plain language of the statutes says no such thing. Furthermore, as a practical matter, there is no way for a plaintiff to obtain court approval for venue without filing an action, and because the statute discusses the parties' stipulations and court approval together—stating that "[t]he proceedings may be brought in any circuit court if all parties stipulate and that court agrees"—it is unreasonable to read the statute as requiring a plaintiff to obtain the parties' stipulations prior to filing but to obtain the court's approval after filing. *See* Wis. Stat. § 102.23(1)(a).

---

[3] We also note, that the circuit court concluded, based upon its finding that the DWD failed to establish venue in Milwaukee County pursuant to Wis. Stat. § 102.23(1)(a), that it lacked competency to proceed. However, a failure to obtain venue does not necessarily equate to a lack of competency.

"[A] circuit court may lack competency to render a valid order or judgment when the parties seeking judicial review fail to meet certain statutory requirements." *Xcel Energy Servs., Inc. v. LIRC*, 2013 WI 64, ¶ 28, 349 Wis. 2d 234, 833 N.W.2d 665. However, "[n]ot every failure to comply with statutory requirements will deprive the court of competency." *Id.* " 'Only when the failure to abide by a statutory mandate is 'central to the statutory scheme' of which it is a part will the circuit court's competency to proceed be implicated.' " *Id.* (citations omitted). We need not address that issue, because we conclude that the DWD did not violate the statutory scheme.

¶ 16. We also reject LIRC's contention that our decision in this case permits plaintiffs to drag out cases indefinitely, permitting "an action for judicial review of an unemployment insurance claim [to] hang fire for some unstated period while a plaintiff tries to obtain the necessary party stipulations and court agreement." We agree that the legislature has expressed a desire to quickly resolve unemployment insurance claims. *See Chevrolet Div., Gen. Motors Corp. v. Industrial Comm'n*, 31 Wis. 2d 481, 488–89, 143 N.W.2d 532 (1966) (noting that "[a] prompt hearing and an award, the finality of which shall not long be in question, have always been recognized as essential to a just and efficient scheme of compensation"). But our decision here does not frustrate that objective. WISCONSIN STAT. § 102.23(1)(a) makes the circuit court the ultimate decision maker as to venue, requiring the parties to obtain court approval even if everyone stipulates. If at any time, the circuit court feels that the parties are not stipulating to venue in a reasonable time, the circuit court can find that venue in the county is improper and end the delay.

¶ 17. Given that the statute does not require the circuit court to agree to venue, our conclusion that the parties have stipulated to venue in Milwaukee County pursuant to WIS. STAT. § 102.23(1)(a) does not resolve the matter. Whether venue in Milwaukee County is appropriate is a decision within the circuit court's discretion. *See West*, 250 Wis. 2d 740, ¶ 4. As such, we remand this case back to the circuit court for a decision

and findings on whether this action should remain in Milwaukee County.[4]

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] The day that it filed this action, the DWD also filed five other related actions in Milwaukee County Circuit Court. In its brief to this court, the DWD states that it filed all six actions in Milwaukee County "for the good faith purpose of streamlining the disposition of the only issue, which was common to all of the cases." In one of those cases, *DWD v. LIRC*, Milwaukee County Circuit Court Case No. 14CV3436, the Honorable Richard J. Sankovitz considered the issues surrounding venue that we direct the circuit court in this case to consider on remand. Judge Sankovitz, in a thoughtful and well-reasoned decision, approved venue in Milwaukee County. We draw the circuit court's attention to Judge Sankovitz's decision to the extent it may be helpful or relevant.