Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
William J.Hogan and First Student Management
LLC, Defendants-Respondents.
[Case No. 2014AP2928]

Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Paul F. Baier and Weegan Landscape Inc.,
Defendants-Respondents.
[Case No. 2014AP2929]

Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Bret V. Maertz and Frontier Airlines Inc.,
Defendants-Respondents.
[Case No. 2014AP2930]

609

Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Gary D. Kluczynski, Dale D. Doberstein and
Julie Doberstein, Defendants-Respondents.
[Case No. 2014AP2931]

Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Patrick C. VanEyck, Tidy View Dairy LLC and
Locate Staffing Inc., Defendants-Respondents.
[Case No. 2014AP2932]

Wisconsin DEPARTMENT OF WORKFORCE
DEVELOPMENT, Plaintiff-Appellant,

v.

Wisconsin LABOR AND INDUSTRY REVIEW COMMISSION,
Mary B. Hembel and National Telecommuting
Institute of Wisconsin Inc.,
Defendants-Respondents.
[Case No. 2014AP2933]

Court of Appeals

*Nos. 2014AP2928 to 2014AP2933. Submitted on briefs
October 15, 2015.—Decided February 17, 2016.*

610

2016 WI App 21

(Also reported in 877 N.W.2d 620.)

On behalf of the plaintiff-appellant Wisconsin Department of Workforce Development, the cause was submitted on the briefs of *Daniel J. LaRocque* and *Andrew J. Rubsam* of *Bureau of Legal Affairs* of Madison.

On behalf of the defendant-respondent Wisconsin Labor and Industry Review Commission, the cause was submitted on the brief of *Jeffrey J. Shampo* of Madison.

On behalf of the defendants-respondents William J. Hogan, Paul F. Baier, Gary D. Kluczynski, and Patrick C. VanEyck, the cause was submitted on the brief of *Victor Forberger* of Madison.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶ 1. HAGEDORN, J. Wisconsin has a multi-layered appeals process for unemployment insurance awards. Benefit amounts and eligibility are initially determined by the Wisconsin Department of Workforce Development (DWD). *See* WIS. STAT. §§ 108.03 & 108.09(2) (2013–14).[1] Disputes over those awards then go to an administrative law judge who acts in a quasi-judicial role but is still employed by DWD. *See* § 108.09(3)-(4). Administrative law judge decisions are then appealed to an independent administrative agency—the Labor and Industry Review Commission (LIRC). *See* § 108.09(6). Following disposition by LIRC, any party can appeal by filing a case in circuit court. *See* WIS. STAT. § 102.23(1)(a).

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

¶ 2. This case involves an appeal by DWD to the circuit court contesting an award by LIRC of unemployment benefits for seven individuals. Despite only one of the individuals having a connection to Kenosha County, DWD brought all seven lawsuits there to seek unified judicial resolution of a particular and shared legal question.[2] But substantive review never came. The circuit court dismissed the six actions with no connection to Kenosha County,[3] concluding that DWD did not comply with Wis. Stat. § 102.23(1)(a) because it filed the cases in an improper venue. The court ruled that this defect compelled dismissal because it lacked the competency to proceed.

¶ 3. On appeal, DWD contends that any defect in venue did not impair the court's competency. DWD further argues that even if it did, the court still retained the power to transfer the cases or consolidate them into a single proceeding. We disagree and affirm the circuit court's actions in this case. We hold that the venue provision in Wis. Stat. § 102.23(1)(a) is central to the statutory scheme and did deprive the court of competency. The circuit court was further correct that the proper remedy was dismissal of the six improperly venued cases.

## Background

¶ 4. Wisconsin Stat. § 102.23 sets out the procedure to obtain review of LIRC decisions regarding the award or denial of unemployment benefits. The text of

---

[2] At issue is LIRC's interpretation of Wis. Stat. § 108.04(12)(f)1., which disqualifies employees from receiving certain benefits in any week that they receive social security disability insurance benefits.

[3] The remaining Kenosha action, case No. 14CV925, is not part of this appeal.

§ 102.23(1)(a) states that LIRC decisions are "subject to review only as provided in this section." Thus, the supreme court has recognized that this provision "defines the exclusive statutory scheme by which [a] party may file a summons and complaint in the circuit court." *Xcel Energy Servs., Inc. v. LIRC*, 2013 WI 64, ¶ 29, 349 Wis. 2d 234, 833 N.W.2d 665.

¶ 5. The rules of civil procedure provide generally applicable rules regarding venue.[4] However, WIS. STAT. § 102.23(1)(a) provides an exception to the generally applicable rules and prescribes as follows:

> The proceedings shall be in the circuit court of the county where the plaintiff resides, except that if the plaintiff is a state agency, the proceedings shall be in the circuit court of the county where the defendant resides. The proceedings may be brought in any circuit court if all parties stipulate and that court agrees.

Sec. 102.23(1)(a). Thus, where the plaintiff is a state agency—as it is here—the action must be brought in the circuit court where the defendant resides unless all parties stipulate and the court agrees to another venue.

¶ 6. It is undisputed that the parties in this case did not stipulate to venue the case elsewhere.[5] There-

---

[4] See WIS. STAT. § 801.01(2) ("[WIS. STAT. chs.] 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions . . . except where different procedure is prescribed by statute or rule."); *see also Aparacor, Inc. v. DILHR*, 97 Wis. 2d 399, 406, 293 N.W.2d 545 (1980) (recognizing that the general venue provisions apply where WIS. STAT. § 102.23 does not specify a venue).

[5] Although DWD admits in its brief-in-chief that it "did not strictly comply with the venue provision," it makes the some-

fore, the statute requires that each of these cases be brought in the venue where the defendant resides.[6] However, only one of the seven actions was brought where a defendant resided. Unsurprisingly, procedural wrangling ensued.[7] Following briefing and arguments, the circuit court concluded that because DWD did not file the cases where a defendant resided, and there were no stipulations to proceed elsewhere, venue was improper. It further held that the venue provision was central to the statutory scheme, rendering the court incompetent to proceed. Rejecting DWD's efforts to consolidate the cases nonetheless, the court held that the proper remedy was dismissal of the cases. DWD appeals this decision and order.

---

what surprising assertion in its reply brief that it nonetheless substantially complied with WIS. STAT. § 102.23 "by commencing the actions in 'any circuit court' and seeking agreement to venue and consolidation." The statute, however, requires the stipulation of all parties and agreement of the court. Sec. 102.23(1)(a). LIRC did not stipulate to venue in Kenosha County, nor did the circuit court agree to hear the case. Merely seeking the agreement of adverse parties does not constitute having their agreement—as the statute requires—nor does seeking agreement by the court constitute having its agreement.

[6] The actions named the affected employee, their employer(s), and LIRC as defendants.

[7] The circuit court initially granted motions by LIRC seeking transfer of all of the cases to Dane County. It then vacated those orders and set another hearing regarding consolidation, the propriety of venue in Dane County, and dismissal for want of competency.

*Discussion*

A. *Failure to Comply With a Provision That is Central to the Statutory Scheme Deprives the Court of Competency*

■

¶ 7. Whether a court possesses the competency to adjudicate a complaint is a question of law that we review de novo. *Xcel*, 349 Wis. 2d 234, ¶ 24.

■

¶ 8. The central issue in this case is whether improper venue under WIS. STAT. § 102.23(1)(a) deprives the court of competency, and if so, what the proper remedy is. In fairness to the parties, the case law addressing competency and jurisdiction in Wisconsin is not a beacon of clarity.[8] Though earlier cases used somewhat different categories, recent cases have outlined a legal disjuncture between subject matter jurisdiction and competency. Relying on the Wisconsin constitution,[9] our supreme court has stated that circuit courts have jurisdiction to entertain any action, and such subject matter jurisdiction may not be curtailed by the legislature. *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 8, 273 Wis. 2d 76, 681 N.W.2d 190. Even so, a circuit court may be deprived of the ability—or

---

[8] *See, e.g., Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993); *see also Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶ 65, 349 Wis. 2d 234, 833 N.W.2d 665 (Abrahamson, J., concurring)*.

[9] Wisconsin Const. art. VII, § 8 provides as follows: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law. The circuit court may issue all writs necessary in aid of its jurisdiction."

competency—to exercise that jurisdiction and "to render a valid order or judgment when the parties seeking judicial review fail to meet certain statutory requirements." *Xcel*, 349 Wis. 2d 234, ¶ 28.

¶ 9. Although some cases have stated that strict compliance with statutory procedures is required,[10] courts have created common law exceptions to strict compliance.[11] Thus, courts have held that not every statutory defect deprives a court of competency; only when the mandate is "central to the statutory scheme" is a court deprived of the power to act. Id. This, of course, raises the question of what it means for something to be "central" to the scheme.

¶ 10. This test was first articulated in *State v. Bollig*, 222 Wis. 2d 558, 567–68, 587 N.W.2d 908 (Ct. App. 1998). In *Bollig*, we synthesized prior cases and explained that the question is "whether the legislative purpose of the statutory scheme could be fulfilled, without strictly following the statutory directive." *Id.* We further described this test as "very similar" to whether a personal jurisdiction defect is fundamental

---

[10] See, *e.g.*, Brandt v. LIRC, *166 Wis. 2d 623, 634–35, 480 N.W.2d 494 (1992) ("We believe that the requirements for obtaining judicial review of a commission decision involving unemployment benefits are clearly set forth in [WIS. STAT. §§] 108.09(7) and 102.23(1) . . . . We must therefore require strict compliance.")*; Schiller v. DILHR, *103 Wis. 2d 353, 355, 309 N.W.2d 5 (Ct. App. 1981) ("Unless the statutory requirements are strictly complied with, a party seeking review cannot invoke the subject matter jurisdiction of the circuit court.")*.

[11] See, e.g., *Cruz v. DILHR*, 81 Wis. 2d 442, 449, 452, 260 N.W.2d 692 (1978) (holding that an error in a caption was a "hypertechnical" defect that did not prevent the court from adjudicating the case); *Gomez v. LIRC*, 153 Wis. 2d 686, 690–91, 451 N.W.2d 475 (Ct. App. 1989) (Certain "defects occasionally have been labeled 'hypertechnical' and overlooked.").

or technical. *Id.* at 568. The personal jurisdiction doctrinal framework is instructive.

¶ 11. In *American Family Mutual Insurance Co. v. Royal Insurance Co. of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992), the supreme court discussed two then-irreconcilable lines of cases regarding defects in a summons and complaint vis-à–vis personal jurisdiction. *Id.* at 530–34. One line of cases required strict statutory compliance, while another line of cases permitted technical errors so long as they did not prejudice a party. *Id.* at 530. The supreme court ultimately accepted a distinction between fundamental errors in the commencement of actions and those that are merely technical and can be remedied without prejudice to the complainant. *Id.* at 533. Personal jurisdiction exists only if an error is technical and the defendant was not prejudiced by the technical defect. *Id.* Thus, in that case, the court held that failing to file a summons and complaint naming the defendant, failing to authenticate the served copy, and failing to serve within sixty days of filing as specified in Wis. Stat. § 801.02(1) all constitute fundamental defects. *American Family*, 167 Wis. 2d at 533–34. In contrast, a clerk's error in stamping the wrong case number is merely a technical defect that can be cured, particularly since that duty "is beyond the control of the complainant." *Id.* at 534. Numerous cases have used and applied the *American Family* test in the context of personal jurisdiction.[12]

---

[12] *See generally, Schaefer v. Riegelman*, 2002 WI 18, ¶¶ 1–3, 250 Wis. 2d 494, 639 N.W.2d 715 (complaint signed by attorney not licensed to practice in Wisconsin was a fundamental defect); *Gaddis v. LaCrosse Prods., Inc.*, 198 Wis. 2d 396, 399, 542 N.W.2d 454 (1996) (failure to sign a summons accompanied by a signed complaint was a nonprejudicial technical

¶ 12. The personal jurisdiction analytical framework is helpful here. Statutes are intended to be obeyed as written. The procedural and substantive policy choices reflected in statutory schemes may not be simply overlooked. Yet minor, nonprejudicial deviations from statutory requirements may be permitted so long as the purpose of the statutory scheme can be fulfilled without strictly following the statutory directive. Such technical defects are not central to the statutory scheme. Failure to abide by "central" statutory requirements, however, deprives the court of competency to exercise its jurisdiction.[13]

defect); *O'Donnell v. Kaye*, 2015 WI App 7, ¶ 1, 359 Wis. 2d 511, 859 N.W.2d 441 (service by mail to the wrong address was a fundamental defect); *State v. Schmitt*, 2012 WI App 121, ¶ 15–16, 344 Wis. 2d 587, 824 N.W. 2d 899 (failure by the clerk to separately authenticate an affidavit was a nonprejudicial technical error); *Park 6 LLC v. City of Racine*, 2012 WI App 123, ¶ 1, 344 Wis. 2d 661, 824 N.W.2d 903 (citizen complaint that was not sworn, as the statutes required, constituted fundamental error); *Mahoney v. Menard Inc.*, 2011 WI App 128, ¶ 1, 337 Wis. 2d 170, 805 N.W.2d 728 (failure of a signature on the authenticated and served copy of the complaint, when a signed copy was on file, was a nonprejudicial technical error); *Bendimez v. Neidermire*, 222 Wis. 2d 356, 357–58, 588 N.W.2d 55 (Ct. App. 1998) (service on Wisconsin defendants by out-of-state process server was a fundamental defect).

[13] The case here is a case of first impression with regard to the special venue provision of WIS. STAT. § 102.23(1)(a) and its affect on competency. But courts have addressed competency with regard to this statute's other procedural requirements. Our supreme court has held, for example, that failure to name an adverse party under § 102.23(1)(a) deprived the court of competency to hear the case, *Miller Brewing Co.*, 173 Wis. 2d at 706; failure by an employee to name his employer as a defendant required dismissal even though the employer was

¶ 13. The crux of the matter, then, is whether the venue provision of WIS. STAT. § 102.23(1)(a) is central to the statutory scheme providing for review of LIRC decisions. Or said another way, is venue here a mere technical defect, the failure of which is nonprejudicial? We agree with the circuit court that venue is central to the statutory scheme, not a mere technical nicety that can be overlooked.

### B. The Venue Provision is Central to the Statutory Scheme

■

¶ 14. DWD argues that the venue provision is not central to the statutory scheme, and thus did not affect the circuit court's competency. It claims that the purpose of the venue rule is merely the "convenience of the parties," and therefore the legislature "could not

---

both named in the body of the complaint and had actual notice of the lawsuit, *Brandt*, 166 Wis. 2d at 634; and failure to name the proper adverse party within the prescribed thirty-day period in § 102.23(1) deprived the court of "jurisdiction of the subject matter"—or in today's parlance, competency, *Holley v. DILHR*, 39 Wis. 2d 260, 268, 158 N.W.2d 910 (1968).

Case law regarding other statutory provisions makes it clear that failure to follow a statute's procedural requirements can affect a court's competency. *See Green Cnty. Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 654, 469 N.W.2d 845 (1991) (finding that failure to hold a timely hearing on an extension request for a CHIPS order resulted in a loss of competency); *Hill v. D.C.*, 2014 WI App 99, ¶ 6, 357 Wis. 2d 463, 855 N.W.2d 880 (holding that failure to comply with the procedure for extending a temporary restraining order under WIS. STAT. § 813.125(3)(c) deprived the court of competency); *State v. One 2000 Lincoln Navigator*, 2007 WI App 127, ¶ 3, 301 Wis. 2d 714, 731 N.W.2d 375 (concluding that failure to hold a hearing on a petition for forfeiture within the statutory time period deprived the court of competency).

have regarded venue as central to the statutory scheme." Moreover, DWD asserts that "scattering the cases to six courts" risks frustrating the statutory scheme by producing inconsistent decisions. LIRC, on the other hand, points out that improper venue certainly can be grounds for lack of competency, citing *Shopper Advertiser*,[14] and asserts the same is true here.

¶ 15. LIRC's argument is more persuasive. In *Shopper Advertiser*, the supreme court held that violation of a special venue provision relating to review of tax appeals commission decisions deprived the court of competency. *Shopper Advertiser, Inc. v. DOR*, 117 Wis. 2d 223, 231, 344 N.W.2d 115 (1984). Like the venue provision here, the statute in *Shopper Advertiser* provided an exception to standard venue provisions applicable to challenges of administrative actions. *Id.* at 229–30. Rather than providing venue in the county where the petitioner-taxpayer resides, the statute required challenges to tax appeals commission cases to be filed in Dane County. Id. at 231. This was an intentional policy choice by the legislature that deprived courts, other than those in Dane County, of competency. *See id.*

¶ 16. Following *Shopper Advertiser*, we find it difficult to conclude that the intentional policy choice to require a unique type of case to be filed in a particular county is simply a technical nicety; this choice is central to the statutory scheme. The statutory scheme is not simply about resolving unemployment benefit disputes, but resolving them in the manner the legislature chooses. Where the legislature chooses a

---

[14] *Shopper Advertiser, Inc. v. DOR*, 117 Wis. 2d 223, 344 N.W.2d 115 (1984).

particular venue, it does so for a reason. This is not the type of requirement that is akin to stamping the wrong court name on the caption. *See Cruz v. DILHR*, 81 Wis. 2d 442, 446, 260 N.W.2d 692 (1978). It is more like a time deadline that is intended to protect and define the rights of the parties in the litigation. *See Holley v. DILHR*, 39 Wis. 2d 260, 268, 158 N.W.2d 910 (1968).

¶ 17. Without question, strict adherence to Wis. Stat. § 102.23(1)(a) decentralizes review, and it may not allow unified judicial resolution of shared questions. This was no oversight, but quite intentional. Before 1977, the statute required these actions to be brought in a central location—Dane County. 1977 Wis. Laws, ch. 187, § 59. The legislature modified this, however, to require the action be brought either where the plaintiff resides, or if the plaintiff is a state agency, where the defendant resides.[15] Id. Thus, the statute's venue requirement represents a deliberate choice by the legislature to decentralize the place of review and to protect the rights of individual defendants. This places the convenience of defendants above that of consistent judicial resolution and the convenience of the plaintiff state agency.[16] Such a scheme may be aimed at, among other goals, reducing the risk that individual defendants will default simply because it is too inconvenient to participate.[17]

---

[15] The 1977 version used "petitioner" and "respondent" instead of "plaintiff" and "defendant," but the substance of the statute remains the same. Wis. Stat. § 102.23(1) (1977).

[16] Consistency will be achieved, of course, when disparate circuit court decisions are settled by published appellate decisions. Any inconsistency is a short-term problem at most.

[17] The parties also argue whether LIRC, a named defendant, constitutes a "defendant" under Wis. Stat. § 102.23(1)(a). LIRC argues it is a "defendant," and therefore, DWD may

¶ 18. DWD also suggests the venue provision of WIS. STAT. § 102.23(1)(a) cannot be central to the statutory scheme because it allows actions to be filed in any circuit court if the parties stipulate and that court agrees. Quite the opposite; this illustrates its centrality. The statute is structured to give *defendants* the right to insist that the case be brought where it is convenient for them.[18]

¶ 19. Not merely a hypertechnical defect, the legislature's deliberate policy choice to create special venue requirements for appeals to the circuit court of unemployment benefit awards is meaningful and important. The venue provision was written to be complied with. Thus, we conclude the venue provision of WIS. STAT. § 102.23(1)(a) is central to the statutory scheme, and as such, failure to comply with its mandates deprived the circuit court of the competency to hear the cases.

### C. The Proper Remedy for the Venue Defect Was Dismissal

¶ 20. The circuit court likewise concluded that it lacked competency, and dismissed the cases having no

permissibly bring cases in Dane County, where LIRC is located. DWD counters that LIRC is not a "defendant," and that the statute is only referring to individuals or employers, rendering Dane County an unacceptable venue unless another defendant resides there. We conclude that the special venue provisions are central to the scheme under either argument. Therefore, we decline to answer this question.

[18] DWD also contends that our decision in *DWD v. LIRC*, 2015 WI App 56, 364 Wis. 2d 514, 869 N.W.2d 163, compels the conclusion that venue defects do not affect the circuit court's competency. But that decision expressly declined to address this issue. *Id.*, ¶ 14 n.3. It held that DWD must only obtain stipulations from "active" defendants under the statute, an issue not relevant to this appeal. *Id.*, ¶ 11.

connection to Kenosha County. The parties disagree over whether this was the proper remedy. DWD argues that the court could still have transferred or consolidated the cases. We agree with the circuit court that dismissal here was appropriate.

### 1. When a Venue Defect Deprives the Court of Competency, Dismissal is the Appropriate Remedy Absent a Good Faith Error

¶ 21. Maybe partly in response to the muddled case law on jurisdiction and competency generally, case law does not definitively settle the question of what the proper remedy for want of competency is. Relying on *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 706, 495 N.W.2d 660 (1993), LIRC and the individual defendants[19] argue when a party does not comply with Wis. Stat. § 102.23(1)(a) in bringing an action, the appropriate remedy—insofar as the impropriety is central to the statutory scheme—is dismissal with prejudice.

¶ 22. *Miller* involved the meaning of "adverse party" in Wis. Stat. § 102.23(1)(a). *Miller*, 173 Wis. 2d at 712. In clarifying the meaning of the statutory term, the court held that the failure to name an adverse party as required by the statute deprived the court of competency. *Id.* at 705–07, 722–23. It further stated, "If an appellant does not comply with [§ ] 102.23(1)(a) the circuit court cannot proceed with the case; the circuit court must dismiss the action with prejudice and the appellant loses the right to judicial review of LIRC's decision." *Miller*, 173 Wis. 2d at 706. The *Miller*

---

[19] Hogan, Baier, Kluczynski, and Van Eyck all join in LIRC's argument that *Miller* mandates dismissal.

court also pointed to WIS. STAT. § 802.06(8)(c), which states: "If it appears by motion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Sec. 802.06(8)(c); *Miller*, 173 Wis. 2d at 706 n.1. *Miller* noted that our cases understand this use of "jurisdiction of the subject matter" not to be referring to subject matter jurisdiction per se, but to competency—the proper exercise of that subject matter jurisdiction. *Miller*, 173 Wis. 2d at 706 n.1. Thus, per § 802.06(8), if a court lacks competency (or "jurisdiction of the subject matter"), the appropriate remedy is dismissal.

¶ 23. At first blush, this would seem to settle the matter. However, not all cases follow this path— notably, *Shopper Advertiser* itself. After holding that the circuit court lacked competency due to venue defect, the supreme court nonetheless upheld transfer of the case to the proper venue under WIS. STAT. § 807.07(2). *Shopper Advertiser*, 117 Wis. 2d at 233. That statute provides in relevant part:

> If the tribunal from which an appeal is taken had no jurisdiction of the subject matter and the court to which the appeal is taken has such jurisdiction, the court shall, *if it appears that the action or proceeding was commenced in the good faith and belief that the first named tribunal possessed jurisdiction,* allow it to proceed as if originally commenced in the proper court and shall allow the pleadings and proceedings to be amended accordingly; and in all cases in every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appears that the error arose from mistake.

Sec. 807.07(2) (emphasis added). The supreme court interpreted this section to include subject matter ju-

risdiction and competency. *Shopper Advertiser*, 117 Wis. 2d at 233. It held that this provision "permits transfers of cases when the action is originally filed in a court lacking subject matter jurisdiction, or when the action is filed in a court of improper venue." *Id.* When transfer is appropriate under § 807.02(2), the time limits for filing the action are tolled, thereby allowing the suit to go forward in the new venue as if it had been filed there. *Shopper Advertiser*, 117 Wis. 2d at 236.

¶ 24. We take from these statutes and cases the following principles. First, the default remedy when a court lacks competency is dismissal per WIS. STAT. § 802.06(8). Second, where the lack of competency derives from an improperly venued case, the court may transfer the case to a proper venue so long as the error arose from a good faith error. *See* WIS. STAT. § 807.07(2); *Shopper Advertiser*, 117 Wis. 2d at 233. Furthermore, transfer tolls the time limits for filing and allows the case to proceed so long as it was timely filed initially. *Shopper Advertiser*, 117 Wis. 2d at 236.

### 2. Dismissal, Not Transfer or Consolidation, Was the Appropriate Remedy in this Case

¶ 25. DWD argues that transfer and consolidation were appropriate remedies. Regarding transfer, DWD argues that it satisfies both the good faith mistake provision of WIS. STAT. § 807.07(2) and that WIS. STAT. § 102.23(1)(d) authorizes transfer to the appropriate venue. Finally, it argues that consolidation was permissible under WIS. STAT. § 805.05 despite the lack of competency.

¶ 26. First, DWD argues that even if the circuit court lacked the competency to hear the cases, like the venue defect in *Shopper Advertiser*, transfer was appropriate under WIS. STAT. § 807.07(2) because DWD "had a reasonable expectation" that the court would transfer or consolidate the cases. The question is whether the error arose from mistake, or as the statute says it, "the good faith and belief that the first named tribunal possessed jurisdiction."[20] *Id.* In *Shopper Advertiser*, the court concluded that an "understandable misapprehension" that venue was proper satisfied the "good faith" requirement of § 807.07(2). *Shopper Advertiser*, 117 Wis. 2d at 234. It is apparent that DWD had no "good faith and belief" or "understandable misapprehension" that Kenosha County Circuit Court was the proper venue. The closest that DWD comes to arguing that it had a good faith belief that it filed the

[20] Whether DWD had a "good faith and belief" that Kenosha County was the proper venue under WIS. STAT. § 807.07(2) was not decided by the circuit court. The circuit court did, however, acknowledge that transfer under § 807.07(2) might be available where a venue error was the result of a good faith belief that the tribunal possessed jurisdiction. Although the circuit court did not decide the issue, the parties did brief this question before this court. Because DWD does not argue that it believed it had properly filed the cases—which might have raised an issue of fact appropriate for the circuit court—there is no factual issue to resolve. What remains is the question of whether DWD's "reasonable expectation" that the cases would be consolidated or transferred satisfies the good faith requirement of § 807.07(2)—a question of law. We therefore resolve the issue of whether this constitutes good faith in the interest of judicial economy. *See Jackson v. Benson*, 218 Wis. 2d 835, 901, 578 N.W.2d 602 (1998) (deciding the "entire case" despite the fact that not all of the arguments had been properly raised in the circuit court because all arguments presented issues of law).

cases properly comes in its reply brief where it asserts that it complied with WIS. STAT. § 102.23 by filing the actions "in any circuit court," and that such filings "were a reasonable, good faith effort to obtain judicial economy and consistent decisions on the merits." But in its brief-in-chief, DWD admits that it "did not strictly comply with the venue provision." Although DWD uses the words "good faith" to describe its actions, it is really arguing that it had a strong prudential reason for ignoring the venue provision, not that it thought it complied. While DWD may have made a sincere effort at judicial economy, DWD has made no plausible assertion that it had a "good faith and belief" that Kenosha County was an appropriate venue for the filings in the six dismissed cases.[21]

¶ 27. Alternatively, DWD argues that WIS. STAT. § 102.23(1)(d) authorizes a circuit court to change the place of trial under the general venue provisions of WIS. STAT. §§ 801.51 to 801.53. Section 102.23(1)(d) reads in part:

> The action may thereupon be brought on for hearing before the court upon the record by any party on 10 days' notice to the other; subject, however, to the provisions of law for a change of the place of trial or the calling in of another judge.

While DWD suggests this refers to the general venue transfer provisions, LIRC makes the strong case that the language, "change of the place of trial or the calling in of another judge," is a direct reference to WIS. STAT. § 801.56. That statute provides that "[w]hen the judge

---

[21] Moreover, unlike *Shopper Advertiser*, which involved "a maze of conflicting statutory venue provisions" from which understandable mistake could arise, WIS. STAT. § 102.23 is quite simple. *See Shopper Advertiser*, 117 Wis. 2d at 234.

is a party or interested in any action . . . the court or the presiding judge thereof shall . . . *change the place of trial or call in another judge* as provided in [WIS. STAT. §] 801.58." Sec. 801.56 (emphasis added). DWD responds that § 102.23(1)(d) cannot refer to § 801.56 because "doing [so] renders the verbiage 'a change of the place of trial' useless." We need not decide whether § 801.56 is the only statute contemplated by the nearly identical language of § 102.23(1)(d). DWD's argument fails either way.

¶ 28. We cannot read WIS. STAT. § 102.23(1)(d) to leave the very specific prescriptions of para. (a) without meaning. *See Emjay Inv. Co. v. Village of Germantown*, 2011 WI 31, ¶ 38, 333 Wis. 2d 252, 797 N.W.2d 844 (citing the general statutory construction principle that more specific statutory prescriptions prevail over more general provisions). As already discussed, para. (a) commands that LIRC decisions are "subject to review only as provided in this section," and that where the plaintiff is a state agency "the proceedings shall be in the circuit court of the county where the defendant resides." Sec. 102.23(1)(a). DWD would read para. (d) to allow transfer to a new county under WIS. STAT. §§ 801.51 to 801.53 without any compliance with the requirements of para. (a). In other words, DWD reads para. (d) to give a court broad power to hear a case in a county where no defendant resides and without the defendant's consent, contrary to the specific requirements of para. (a). It cannot be, and is not, correct.[22]

---

[22] DWD's argument that LIRC's interpretation renders "change in the place of trial" meaningless is unconvincing. LIRC is arguing that venue is generally strictly construed—unless the judge cannot sit on the case and a new location

¶ 29. More to the point, *Shopper Advertiser* controls the proper remedy where the court lacks competency due to a venue defect. Namely, WIS. STAT. § 807.07(2), and not the general venue transfer provisions in WIS. STAT. §§ 801.51 to 801.53, provides the available remedy. Of note, the concurrence/dissent in *Shopper Advertiser* suggested that § 801.53 might be the more appropriate statute authorizing transfer. *See Shopper Advertiser*, 117 Wis. 2d at 240 (Abrahamson, J., concurring in part and dissenting in part). This court, however, is bound by the majority decision which instructs that § 807.07(2) guides the remedy in this case. Thus, WIS. STAT. § 102.23(1)(d) provides no separate or additional authority for DWD's contention that transfer is the appropriate remedy.

¶ 30. Finally, DWD contends that despite its lack of competency, the court should have consolidated the cases under WIS. STAT. § 805.05 rather than dismiss them. DWD argues that consolidation would have assured judicial economy and consistency in the disposition of the cases—all of which presented a single issue of law—fulfilling the criteria for consolidation under § 805.05.

¶ 31. It is an open question whether DWD could satisfy the requirements of WIS. STAT. § 805.05.[23] Even if it could, DWD cites no cases to support the notion

and/or judge are necessary under WIS. STAT. § 801.56. This interpretation is perfectly consistent with the statute as a whole and its purpose.

[23] WISCONSIN STAT. § 805.05(1)(a) provides that "[w]hen actions which might have been brought as a single action under [WIS. STAT. §] 803.04 are pending before the court . . . it may order all the actions consolidated." Consolidation is therefore discretionary even when it is appropriate. But the statute also contains a prerequisite to consolidation: the actions must have been able to be brought under § 803.04. That statute

that a court lacking the competency to hear a collection of cases may nonetheless consolidate them and hear them anyway. Were we operating under the general venue provisions, competency would not be in view and the question might be different. But in light of the centrality of the venue requirement here, we believe the only remedies available are those noted above— transfer under Wis. Stat. § 807.07(2) if good faith is shown and dismissal per Wis. Stat. § 802.06(8) if it is not. In fact, allowing consolidation of these cases would subvert the design of Wis. Stat. § 102.23 by eliminating the very benefit § 102.23 provides to nongovernment defendants, effectively allowing DWD to bypass the provision and bring the actions wherever it likes, provided it found an agreeable court. This interpretation does not harmonize with § 102.23(1)(a), and we decline to adopt it.

### Conclusion

¶ 32. We have concluded that the venue provisions of Wis. Stat. § 102.23(1)(a) are central to the statutory scheme and that the failure to comply with those provisions in this case deprived the court of competency. We have further concluded that dismissal is the default remedy for want of competency pursuant to Wis. Stat. § 802.06(8) unless transfer is available and authorized under Wis. Stat. § 807.07(2). Having found that no such transfer is authorized here, dismissal is the appropriate remedy, as the trial court concluded.

*By the Court.*—Order affirmed.

requires not only a common question of law, but the "same transaction, occurrence, or series of transactions." Sec. 803.04(1).